Linda **BOWNES**, Individually and as mother and next-of-friend of minor child, Anthony Mabon, Anthony Mabon, minor child, Lesa Mabon and Gena Mabon, Plaintiffs,

v.

The **CITY OF GARY, INDIANA**; the Honorable Richard Hatcher, as Mayor of the City of Gary, Indiana; Fred Kowsky, as Police Chief of the Police Department of Gary, Indiana; Virgil Motley, as acting Police Chief of the Police Department of Gary, Indiana; Michael Valsi, as an Officer of the Gary, Indiana Police Department, and Unknown Officers of the Gary, Indiana Police Department, Defendants.

**Civ. No. H 86–392.**

United States District Court, N.D. Indiana, Hammond Division.

Oct. 30, 1986.

William Drozda, Merrillville, Ind., for plaintiffs.

Alton Gill, Jr., Gary, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter comes before the court on defendants' Motion for Leave to File an Amended Pleading which was filed on September 16, 1986 and on the plaintiffs' Motion for Leave of Court to File Amended Pleading which was filed on October 8, 1986.

The defendants submitted their motion along with a form of order but did not submit a copy of the proposed amended pleading. Instead, they included the substance of the proposed amendment in the text of the motion itself. The plaintiffs likewise submitted their motion to amend along with a form of order for the judge to sign. Rather than tendering a copy of the proposed amended pleading, they have submitted the proposed amendments but failed to incorporate the allegations from the original complaint.

Common sense dictates that a party requesting leave to file an amended pleading must accompany his motion with a copy of the proposed amended complaint that complies with the general rules of pleading in Fed.R.Civ.P. Rule 8(a). The substance of the proposed amendment must be submitted so that the court and the adverse party will know the precise nature of the pleading changes being proposed. However, providing only the substance in the form of additions and corrections without incorporating them with the allegations of the original pleading complicates the task of discerning the substance of the pleading as a whole. It forces the court and opposing counsel to thumb through the file to search out the relevant portions of the original pleading and compare it to the proposed corrections and additions each time they wish to refer to the pleading. Attaching a complete copy of the proposed amended pleading imposes no severe burden on the moving party and greatly simplifies the process. Indeed, it enhances the prompt disposition of the motion for leave to amend and thereby benefits the moving party. *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D.Va.1981).

Although the Federal Rules of Civil Procedure do not expressly specify the proper manner of presenting amendments to pleadings, there is substantial authority that Fed.R.Civ.P. Rule 7(b)(1) and 15(a) require submission of the proposed amended pleading with the motion to amend. See *Nation v. United States Government*, 512 F.Supp. 121, 124 (S.D. Ohio 1981) and cases cited therein. That requirement accords with the Federal Rules and with common sense and it is hereby adopted as the rule of this court.

## CONCLUSION

Because both the plaintiffs and defendants have failed to submit a copy of the proposed amended pleading along with their motions to amend, the motions for

leave to amend the pleadings are hereby DENIED without prejudice.