**Shirley CARTER, Plaintiff,**

v.

**Robert CHURCH, et al., Defendants.**

**Civ. A. No. 91–40–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

May 11, 1992.

See also 791 F.Supp. 298.

Ethel L. Munson, Atlanta, Ga., for plaintiff.

Kattegummula Prabhaker Reddy, Atlanta, Ga., Daniel C. Hoffman, Oris D. Blackburn, Jr., Valdosta, Ga., for defendants.

### ORDER

OWENS, Chief Judge.

Before the court is plaintiff's motion to strike the supplemental answers and defenses submitted by defendants Robert Church and Richard Rose in response to plaintiff's amended complaint. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court hereby issues the following order.

### FACTUAL BACKGROUND

On April 15, 1991, Shirley Carter ("plaintiff") filed the instant lawsuit alleging a cause of action under 42 U.S.C. § 1983. On January 31, 1992, plaintiff moved pursuant to F.R.C.P. 15(a) for leave to file an amended complaint to add an additional party plaintiff and claims under Title VII and 42 U.S.C. § 1985(2). In that motion, which was served upon opposing counsel, plaintiff attached her proposed amended complaint. On February 7, 1992, this court granted leave to plaintiff to amend her complaint to include a cause of action under Title VII, but denied leave to include a cause of action under 42 U.S.C. § 1985(2) or to add an additional party plaintiff.

Plaintiff never filed nor served the amended complaint once leave to do so had been granted. In late March, defendants Church and Rose filed supplemental answers and defenses "out of an abundance of caution." Shortly thereafter, plaintiff

filed a motion to strike defendants' supplemental answers and defenses on the ground that they were not pled within ten days after service of the proposed amendment.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, "that a party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading ... within 10 days after service of the amended pleading...." F.R.C.P. 15(a) does not address whether the amended pleading must be filed anew once the court grants leave to amend.

In effect, plaintiff contends that F.R.C.P. 15(a) deems a proposed amended complaint, which has been served on opposing counsel, filed on either the date the motion for leave to amend is filed or on the date leave is actually granted to amend. The court disagrees. The court finds that F.R.C.P. 15(a) must be read to require that an amended complaint be filed after leave to amend is granted, unless the court specifically rules otherwise by including in its order language to the effect that the complaint is deemed amended. Consequently, the court DENIES plaintiff's motion to strike defendants' supplemental answers and defenses. The court directs plaintiff to file her amended complaint and serve it upon all parties to this action within 20 days from entry of this order. Defendants then have 10 days to file their amended answers.

SO ORDERED.