**DOVER STEEL COMPANY, INC., et al., Plaintiffs,**

v.

**The HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., Defendants.**

**Civ. A. No. 92–5697.**

United States District Court, E.D. Pennsylvania.

Nov. 9, 1993.

Brian P. Kenney, Timothy T. Myers, Elliott, Vanaskie & Riley, Blue Bell, PA, for plaintiffs Dover Steel Co., Inc. and A.M.B. Const. Co., Inc.

James A. Young, Christina Gill Tershakovec, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, for defendant Hartford Acc. and Indem. Co.

Joseph A. Ross, Allison L. Persinger, Victoria H. Roberts, Rawle & Henderson, Philadelphia, PA, for defendant New Hampshire Ins. Co.

Timothy T. Myers, Elliott, Vanaskie & Riley, Blue Bell, PA, for plaintiffs Anthony R. and Michael O. Sinibaldi.

Allison L. Persinger, Victoria H. Roberts, Rawle & Henderson, Philadelphia, PA, for defendant American Intern. Adjustment Co.

## MEMORANDUM ORDER

ROBRENO, District Judge.

AND NOW, this 9th day of November, 1993, upon consideration of the various motions pending in this case, and after a hearing on October 29, 1993, IT IS ORDERED that Defendant New Hampshire Insurance Company's ("New Hampshire") Motion to Strike Plaintiff's First Amended Complaint (Doc. No. 64) is **GRANTED IN PART**,[1] as set forth herein:

1. The current litigation commenced with the contemporaneous filing of a complaint and a motion for a preliminary injunction by plaintiff Dover Steel Company ("Dover") on September 30, 1992. Dover sought a declaratory judgment ordering defendants The Hartford Accident and Indemnity Company ("Hartford") and New Hampshire to provide a defense in a lawsuit pending against Dover in the District Court for the District of Delaware, and to indemnify Dover for any liabilities arising from that suit. After a two-day hearing, the Court denied the motion for a preliminary injunction. *See Dover Steel Co. v. Hartford Accident & Indem. Co.*, 806 F.Supp. 63, 65 (E.D.Pa.1992).

2. On December 23, 1992, Dover filed a motion to amend its complaint attaching a proposed form of complaint (the "Proposed Complaint") to the motion. *See Centifanti v. Nix*, 865 F.2d 1422, 1431 n. 10 (3d Cir.1989) ("We believe that the better practice to be followed in filing a motion to amend a complaint is to attach with the motion a copy of the proposed amended complaint.").

3. On August 20, 1993, the Court held a telephone conference to discuss a number of pending motions in the case, including the motion to amend the complaint. At the conclusion of the telephone conference, the Court indicated to the parties that it would grant Dover's pending motion for leave to amend its complaint.

4. On August 24, 1993, the Court issued a Scheduling Order, which provided, *inter alia,* in pertinent part, that "[p]laintiff shall file an amended complaint by September 3, 1993." *See* Order of Aug. 24, 1993, at 1.

5. On September 3, 1993, Dover filed an amended complaint (the "Amended Complaint"). The Amended Complaint, however, was substantially different than the complaint Dover had attached to its motion for leave. Specifically, the Amended Complaint named an additional defendant, added five new counts, expanded the time frame of the action, and injected a number of new theories of liability into the case.

6. On September 21, 1993, and September 23, 1993, New Hampshire and Hartford moved to strike the Amended Complaint and to rescind the Court's prior order, respectively. New Hampshire also moved for Rule 11 sanctions against Dover.

7. After filing the Amended Complaint, Dover served discovery requests upon the defendants. In turn, the defendants moved for protective orders and/or a stay of discovery.

8. The Court held a hearing on October 29, 1993, to address the pending motions. Dover claimed that the grant of permission to file "an" amended complaint, coupled with the Court's granting of ten days in which to do so, was evidence that this Court intended to allow it to liberally supplement the Proposed Complaint. Even if this were not so, contends Dover, the defendants were on notice as to the new factual averments and causes of action in the Amended Complaint, pointing to its consolidated response to the summary judgment motions filed by the defendants as evidence of such notice.

9. Defendants countered that Dover's conduct was improper and vexatious, that it violated Fed.R.Civ.P. 15 and the letter and spirit of the Court's Order of August 24, 1993, and that, if allowed to stand, it would result in prejudice to the defendants at this stage in the proceedings. Counsel for New Hampshire also noted her client's request for sanctions against Dover.

---

**1.** In reaching this decision, the Court also examined the Plaintiff's Response to New Hampshire's Motion (Doc. No. 69), and the replies of New Hampshire (Doc. No. 74) and The Hartford Accident and Indemnity Company (Doc. No. 76) to Plaintiff's Response. After the hearing, the Court allowed the parties to supplement their positions by letter to the Court. Plaintiffs, New Hampshire, and Hartford have done so, and the Court has considered their submissions.

10. The Court does not look favorably upon Dover's actions. While under the Federal Rules of Civil Procedure leave to amend pleadings is to be granted with liberality, *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); 6 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 1484 (2d ed. 1990), the allowance is not intended to be automatic. In the exercise of its discretion, the Court must consider whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [or] futility of amendment." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *see Bechtel v. Robinson*, 886 F.2d 644, 652–53 (3d Cir.1989); *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.) (stating that futility of the amendment must also be considered when evaluating a 15(a) motion), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). Of these factors, that of undue prejudice to the non-movant is of paramount concern when considering a motion to amend pleadings. *See Bechtel*, 886 F.2d at 653; *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978). Leave should not be granted if the nonmovant makes a showing that " 'it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely.' " *Bechtel*, 886 F.2d at 652 (quoting *Heyl & Patterson*, 663 F.2d at 426).

11. The attaching of a proposed complaint to a motion for leave to amend gives the Court and the nonmovant notice of the proposed changes, and allows the Court to consider the factors set forth in *Foman* and *Bechtel*. *See Ladd v. Plummer*, Civ.A. No. 91–7730, 1993 WL 29120, at *1 (E.D.Pa. Feb. 5, 1993) (finding that a motion for leave to amend was "incomplete" for failure to attach a copy of the proposed complaint). Dover's failure to follow the rule has worked to nullify the prophylactic benefit of submitting *the* actual proposed amended complaint for the Court to consider in light of the *Foman* factors.

12. The Court cannot accept Dover's contention that the plain language of the Court's August 24th Order or the general context of the telephone conference granted Dover a general license to restructure the course of the litigation in. midstream. Therefore, I find that the filing of the Amended Complaint was in violation of Rule 15(a) of the Federal Rules of Civil Procedure. Dover did not have leave to file any old amended complaint that it wished to file—it had permission to file its Proposed Complaint. Even if the Court had granted Dover leave to "update" the factual averments contained in the Proposed Complaint, as Dover intimates the Court orally did, the wholesale changes made, which included the addition of a defendant, five new counts, and new legal theories, far exceeded any reasonable construction of the scope of such leave.

13. Having found that there was a violation of the Rules of Civil Procedure, this Court must determine whether or not the failure rises to the level of sanctionable conduct.[2] Pursuant to Rule 11, an attorney who signs a pleading certifies that "to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. The standard ap-

---

**2.** Notice of potential sanctions and a hearing on the merits is essential to the protection of a party's procedural due process rights. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357–58 (3d Cir.1990); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 570–71 (3d Cir.1985) (in banc) (holding that notice and a hearing are required when a sanction is to be imposed pursuant to a court's inherent authority). Dover and its counsel were provided notice that this Court would consider Rule 11 sanctions by the request by New Hampshire for such sanctions. By way of Dover's response to New Hampshire's motion and participation in the hearing of October 29, 1993, on all pending motions, Dover's counsel was given "some occasion to respond," *Jones*, 899 F.2d at 1358 (quoting *Eash*, 757 F.2d at 570), not only as to New Hampshire's motion but also as to the possible sanctions to be imposed on behalf of other parties as well.

plied in determining reasonableness is an objective one, taking into account all circumstances as they were at the time the pleading was filed. *See Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.,* 999 F.2d 745, 752 (3d Cir.1993); *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir.1987) ("Rule 11 was designed to prevent abuse caused not only by bad faith but by negligence and, to some extent, by professional incompetence."). Any examination of a potential Rule 11 violation must be animated by the Rule's "central purpose [of] deter[ring] baseless filings." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990).

14. Dover's counsel's conduct in filing a complaint that was substantially different than the one it proposed when it moved for leave to amend is objectively unreasonable. *See Centifanti,* 865 F.2d at 1431 n. 10; *Ladd,* 1993 WL 29120, at *1. Neither the case law nor this Court's Order provided a basis for counsel's belief that leave to file "an" amended complaint, plus allowance of a ten day period within which to do so, equaled leave to file a complaint that was grossly different than the one he had proposed. Thus, the Court finds that the filing of the Amended Complaint instead of the Proposed Complaint was in violation of Rule 11.

15. Having found that Rule 11 was violated, the Court is required to impose sanctions, given the mandatory nature of the rule. *See* Fed.R.Civ.P. 11 (upon finding that a pleading has been signed in violation of Rule 11, the court "*shall* impose … an appropriate sanction") (emphasis added); *United States v. International Bhd. of Teamsters,* 948 F.2d 1338, 1344 (2d Cir.1991); *CTC Imports & Exports v. Nigerian Petroleum Corp.,* 739 F.Supp. 966, 969 (E.D.Pa.1990), *aff'd in part,* 951 F.2d 573 (3d Cir.1991), *cert. denied sub nom. Aham–Neze v. Sohio Supply Co.,* —— U.S. ——, 112 S.Ct. 1950, 118 L.Ed.2d 554 (1992). The amount and type, however, is left to this Court's discretion. *See Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194–95 (3d Cir. 1988). The Court must "consider a wide range of alternative possible sanctions" when crafting a sanction that will provide a deterrent to further abuses of the legal system, and must seek to use the minimum sanction necessary to achieve that deterrence. *See id.* at 194.

16. The Court notes that the hallmark of Rule 15(a) is the prevention of unfair prejudice to the nonmoving party. In this case, the defendants have been prejudiced in two ways. One, their legal position has been affected due to the expansion in time and scope of Dover's legal theories. Two, defendants have been forced to spend time and money seeking to undo the filing of the Amended Complaint. The sanctions imposed, therefore, should be aimed at placing the defendants legally and financially back to where they would have been but for the offending pleading. Doing so, of course, does not mean that defendants should be insulated from having to defend the *merits* of the allegations contained in the Amended Complaint. Rather, the sanction should be aimed at undoing any advantage the plaintiffs have gained or redressing the harm defendants have suffered as a result of the improper filing. Unless it is unavoidable, sanctions should not disturb the fundamental principle that the substance of the underlying dispute should be decided on the merits.

17. At first glance, the most obvious sanction is the dismissal of Dover's Amended Complaint, requiring plaintiffs to live or die in a litigation sense by the averments of the Proposed Complaint. This, apparently, is the sanction the defendants would have this Court impose. The Court is reluctant to adversely affect the merits of plaintiff's case as a result of the attorney's mistake. *See Cross & Cross Properties, Ltd. v. Everett Allied Co.,* 886 F.2d 497, 505 (2d Cir.1989).

18. As an alternative, the Court considered shaping relief which would allow the filing of the Proposed Complaint, as supplemented, to state causes of action and join additional parties based upon events which have transpired since the date when the Proposed Complaint was first proffered to the Court. Under this scenario, no cause of action or joinder of parties would be permitted if it involved facts known or events which preceded December 23, 1992, the date when

Dover made its motion·for leave to amend. Upon reflection, the Court finds that this form of relief, while Solomonic in appearance, in essence divests plaintiffs of a material portion of their claims and, again, unfairly imputes to plaintiffs the sins of their lawyers. Of importance to the defendants, as well as to the plaintiffs, is that, as the Court feared, and as illustrated by the letter of counsel for New Hampshire to the Court dated November 3, 1993, requesting a clarification between allowing plaintiffs to pursue a new "theory" as opposed to a new "cause of action," this procedure undoubtedly would result in a breeding ground for further litigation unrelated to the merits of the dispute, as the parties argue over whether a certain theory or fact was "in" or "out" under the Court's formulation. Therefore, the Court has abandoned the proposed relief it had suggested to the parties at the hearing.

■ 19. Thirdly, the Court could allow the filing of the Amended Complaint while providing safeguards for the defendants to take additional discovery and shifting the financial burden of the breach of the rules of procedure wholly to Dover or its counsel. This is what the Court chooses to do. In so finding, I observe that much of what was pled in the Amended Complaint was not wholly unknown to the defendants as a result of the filings made in connection with the defendants' motions for summary judgment. I also note that although just over a year has passed since the complaint was originally filed, there has been little discovery conducted since the hearing on the motion for a preliminary injunction. To the extent the defendants are prejudiced at all by the "new" averments and causes of action pleaded in the Amended Complaint or by the joinder of a new party, this prejudice can be cured readily by the taking of further discovery.

■ 20. As stated above, the Court finds that the imposition of monetary relief is the appropriate sanction. Payment of these sanctions are to be borne by plaintiffs' counsel. Clearly, it was counsel's filing of the

Amended Complaint without leave of Court that necessitated the expenditure of attorney's fees by the defendants. The defendants were within their rights to seek the cleansing of the infirm pleading from the docket. Therefore, as to those reasonable fees and costs incurred by defendants in resisting the allowance of the filing of the Amended Complaint, Dover's counsel will bear the responsibility. *See Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 124, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989) (holding that the lawyer, and not his firm, was responsible for payment of sanctions when lawyer signed the pleading); *Lightning Lube, Inc. v. Witco Corp.*, 144 F.R.D. 662, 667 (D.N.J.1992) (holding that only the signing party, i.e., the lawyer, could be held liable under Rule 11). Moreover, the expansion of the scope of the Amended Complaint is also likely to necessitate the repetition of one or more depositions. The cost of bringing to Philadelphia those witnesses should also be borne by plaintiffs' counsel. Of course, the expense of any *new* discovery prompted by the averments in the Amended Complaint is not recoverable by the defendants, for that is the cost of litigation that the defendants would have borne in any event even if the complaint had been properly filed. The exact amount of attorney's fees to be paid will be determined at the conclusion of the litigation, after a hearing on the reasonableness of the fee request.[3] The Amended Complaint filed by Dover is deemed properly filed.

21. Hartford's Motion for Reconsideration of Plaintiff's Motion to Amend or to Dismiss (Doc. No. 67) is **DENIED.**

22. Defendant American International Adjustment Company's ("American International") Motion to Strike the Amended Complaint and to Dismiss (Doc. No. 75) is **DENIED.**

23. Hartford's Motion for Extension of Time to Respond to Plaintiff's Amended Complaint (Doc. No. 63) is **DENIED WITHOUT PREJUDICE.**

---

**3.** At the conclusion of the litigation, both New Hampshire and Hartford will be permitted to file affidavits detailing the fees spent in opposing the filing of the Amended Complaint and Dover's

counsel will be given an opportunity to object to the requests. In the event of settlement, the parties should provide therein for a resolution of this matter *inter se.*

24. Hartford's Motion for a Protective Order Preventing the Second Deposition of Richard Savakinas (Doc. No. 73) is **GRANTED IN PART** to the extent that Dover's counsel will, by the terms of this Order, be required to pay the reasonable costs of the re-deposition of Mr. Savakinas. Costs shall be assessed by way of motion at the conclusion of the litigation.

25. American International's Motion to Stay or, Alternatively, for a Protective Order (Doc. No. 70) is **DENIED.**

26. An Amended Scheduling Order will follow. *See* Fed.R.Civ.P. 16.

AND IT IS SO ORDERED.