85 F.3d 635
 77 A.F.T.R.2d 96-2306, 96-1 USTC P 50,304
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wendy GREENING, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-36196.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1996.*
Decided May 9, 1996.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORNADUM**
 
 
 2
 This appeal arises from the Internal Revenue Service's seizure of two vehicles titled in the name of Wendy Greening, in partial satisfaction of a tax lien filed against Greening's partner, John Marty Traver, Jr., for unpaid taxes. Greening appeals pro se the district court's dismissal of her quiet title action against the United States and the four individuals who purchased the vehicles at auction. She also appeals the district court's denials of her motions for reconsideration and for leave to amend her complaint. We affirm the district court's judgment.
 
 I.
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 On January 27, 1994, the Internal Revenue Service ("IRS") recorded notice of a federal tax lien in favor of the United States government on all property and rights to property belonging to John Marty Traver, Jr., for unpaid taxes totalling $46,241.37. On May 6, 1994, the IRS seized two 1981 Volkswagen pickup trucks titled in Wendy Greening's name in partial satisfaction of this lien. The IRS based this seizure on its determination that Greening merely held title as Traver's nominee, that the trucks actually belonged to Traver, and that the government's tax lien therefore attached to the vehicles. Greening and Traver are unmarried, but they share a household and have two children.
 
 
 4
 On May 24, 1994, Greening filed a quiet title action against the United States under 28 U.S.C. § 2410,[1] seeking an order that the vehicles be returned to her. On June 29, 1994, while Greening's case was pending before the district court, the IRS sold the vehicles at public auction pursuant to 26 U.S.C. § 6335.
 
 
 5
 On July 22, 1994, the United States moved to dismiss Greening's complaint for lack of subject matter jurisdiction, arguing that Greening's sole remedy was a wrongful levy action under 26 U.S.C. § 7426. Before the court ruled on this motion, Greening amended her complaint to add as defendants the four purchasers of the vehicles at the IRS auction, namely Marie A. Valente, Shawn E. Watterberg, Virgil D. Dittrich, and Jacquelyn J. Dittrich. In other respects, her complaint was unchanged.
 
 
 6
 On September 9, 1994, the district court granted the United States' motion to dismiss for lack of subject matter jurisdiction. On September 20, 1994, Greening filed a motion for reconsideration and, in the alternative, for leave to amend her complaint to allege a wrongful levy action under section 7426. The district court denied this motion in its entirety. Greening timely appeals both orders.
 
 
 7
 The basis for the district court's jurisdiction is at issue in this appeal. This court has jurisdiction under 28 U.S.C. § 1291.
 
 II.
 DISCUSSION
 A. Subject Matter Jurisdiction
 
 8
 We review de novo the dismissal of a complaint for lack of subject matter jurisdiction; underlying factual findings, however, are accepted unless clearly erroneous. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir.1995).
 
 
 9
 An individual may sue the United States "only to the extent that the government waives its sovereign immunity." Id. (citing United States v. Orleans, 425 U.S. 807, 814 (1976)). Where the United States has not consented to be sued, the courts lack subject matter jurisdiction over the action. Cato v. United States, 70 F.3d 1103, 1107 (9th Cir.1995). The party asserting jurisdiction bears the burden of establishing a waiver of the government's sovereign immunity. Id.; Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983), cert. denied, 466 U.S. 958 (1984).
 
 
 10
 Section 7426 of the Internal Revenue Code ("IRC") provides such a waiver:
 
 
 11
 If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
 
 
 12
 26 U.S.C. § 7426(a)(1).
 
 
 13
 We have held that "the exclusive remedy by a third party whose property has been levied upon or sold by the Internal Revenue Service is an action pursuant to Section 7426." Winebrenner v. United States, 924 F.2d 851, 855 (9th Cir.1991) (barring quiet title claim under § 2410); see also United Sand & Gravel Contractors, Inc. v. United States, 624 F.2d 733, 739 (5th Cir.1980) ("When someone other than the taxpayer claims an interest in property or rights to property which the United States has levied upon, his exclusive remedy against the United States is a wrongful levy action under I.R.C. § 7426.").
 
 
 14
 Greening argues that Winebrenner does not bar a quiet title action where, as here, there are allegations of procedural irregularities in the levy proceedings. However, we have previously addressed this question and held that even where a section 7426 action was unavailable because the plaintiff alleged only procedural flaws, a quiet title action under section 2410 was still barred. Sessler v. United States, 7 F.3d 1449, 1452 (9th Cir.1993). Here, Greening's complaint does not make clear whether she is alleging only that the IRS failed to follow the correct procedures before seizing the vehicles, or also that the IRS erred in treating her as Traver's nominee. In either event, her section 2410 action is barred, and her exclusive remedy is a wrongful levy action under section 7426(a)(1).
 
 
 15
 Relying on Valley Finance, Inc. v. United States, 629 F.2d 162, 169 (D.C.Cir.1980), cert. denied by Pacific Dev., Inc. v. United States, 451 U.S. 1018 (1981), Greening argues that because the government treated her as an extension of the taxpayer, Traver, for the purpose of seizing her property, it cannot treat her as a third party for purposes of arguing that her sole remedy is section 7426. Greening mischaracterizes that authority. In Valley Finance, the court affirmed that the proper remedy for Pacific Development, Inc., whose assets were seized by the IRS on the theory that it was the alter ego--"an extension"--of the delinquent taxpayer, was to bring a wrongful levy action under section 7426. Id. at 169-71. It does not support Greening's argument that "[i]ndividuals held to a nominee status are entitled to seek the return of their illegally seized property under § 2410."[2]
 
 
 16
 Greening's reliance on Powelson v. United States, 979 F.2d 141, 145 (9th Cir.1992), cert. denied, 507 U.S. 1029 (1993), is also misplaced. Powelson says only that a section 2410 action is unavailable to challenge the merits of a tax levy, and that the district court lacked jurisdiction where the government held no interest in the property when the quiet title action was filed. Id. It does not hold, as Greening argues, that "it is the manner in which the government took the property, and not who it took the property from, that decides whether a quiet title action is precluded by § 7426."
 
 
 17
 Finally, the plain language of section 7426(a)(1) provides that "any person (other than the person against whom is assessed the tax out of which such levy arose)" is entitled to bring a wrongful levy action against the United States. It is undisputed here that the taxes were assessed against Traver, not Greening. It is therefore clear that section 7426 provides Greening with an appropriate cause of action, while section 2410 does not. Thus, we affirm the dismissal for lack of subject matter jurisdiction.[3]
 
 B. Motion for Reconsideration
 
 18
 We review the lower court's denial of a motion for reconsideration for an abuse of discretion. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994).
 
 
 19
 Reconsideration is appropriate where (1) there has been an intervening change in the controlling law; (2) new evidence or an expanded factual record is available; or (3) it is needed to correct a clear error or prevent manifest injustice. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir.1989). Greening has not pointed to anything that brings her case within any of these three situations. The district court did not abuse its discretion in denying her motion for reconsideration.
 
 C. Leave to Amend
 
 20
 Leave to amend is within the discretion of the district court and therefore reviewed only for an abuse of that discretion. United States v. County of San Diego, 53 F.3d 965, 969 n. 6 (9th Cir.), cert. denied, 116 S.Ct. 183 (1995).
 
 
 21
 Here, the district court denied Greening's motion after concluding that Greening had not complied with Fed.R.Civ.P. 15(a). Although the federal rules do not explicitly set out the manner in which such a motion should be made, there is substantial authority that Rules 7(b)(1) and 15(a) require that a copy of the proposed pleading accompany the motion to amend. Wolgin v. Simon, 722 F.2d 389, 395 (8th Cir.1983); Glens Falls Ins. Co. v. Newton Lumber & Mfg. Co., 388 F.2d 66 (10th Cir.1967), cert. denied, 390 U.S. 905 (1968); Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., 185 F.2d 196 (9th Cir.1950), cert. denied, 340 U.S. 943 (1951); Brownes v. City of Gary, 112 F.R.D. 424 (N.D.Ind.1986). Further, local rules for the District of Oregon so require. See L.R. 120-2. Greening did not attach a copy of her proposed amended complaint. Moreover, Greening did not amend her complaint to add a wrongful levy claim after the government's motion to dismiss alerted her to the potential jurisdictional problem; rather, she delayed until after the court had ruled on the question. Therefore, the district court did not abuse its discretion in denying Greening leave to amend her complaint.[4]
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 That provision states in pertinent part:
 [T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
 (1) to quiet title to[ ]
 * * *
 real or personal property on which the United States has or claims a mortgage or other lien.
 28 U.S.C. § 2410(a).
 
 
 [2]
 It is true that Pacific brought its action under both sections 7426(a) and 2410. Id. at 166. The opinion, however, makes it clear that the case was resolved under section 7426(a) alone. See id. at 169-71
 
 
 [3]
 The individual defendants were also properly dismissed. While Greening was correct in adding these defendants to her section 2410 action, see Kulawy v. United States, 917 F.2d 729, 736 (2d Cir.1990) (subsequent purchasers are necessary parties in § 2410 action), that provision is a waiver of sovereign immunity and does not provide independent jurisdiction over non-government defendants. Kent v. Northern California Regional Office of Am. Friends Serv. Comm., 497 F.2d 1325, 1327-28 (9th Cir.1974)
 
 
 [4]
 While our ruling renders the validity of the government's seizure immune from attack, Greening's rights against the purchasers, assuming both their validity and timeliness, are not foreclosed by the dismissal of this claim. State remedies may remain available. See United Sand & Gravel, 624 F.2d at 739 n. 11 ("The [wrongful levy] plaintiff may have other remedies against other defendants [than the government]."); World Mktg., Ltd. v. Hallam, 608 F.2d 392, 394-95 (9th Cir.1979) (" § 7426 does not preclude one with an interest in property seized and sold by the United States from pursuing a claim against a subsequent purchaser in state court")