89 P.3d 242 (2004)
121 Wash.App. 119
John WILL, Appellant,
v.
FRONTIER CONTRACTORS, INC., Respondent,
No. 30177-6-II.
Court of Appeals of Washington, Division 2.
April 6, 2004.
*244 Richard Francis Dejean, Attorney at Law, Sumner, Counsel for Appellant.
Gregory G Wallace, O'Brien Hutson & Boe, Seattle, Counsel for Respondent.
*243 SEINFELD, J.
John Will sued Frontier Contractors for negligence, breach of implied warranty of habitability, and breach of contract. The trial court granted summary judgment to Frontier on the first two claims, finding that they were time barred. The court later dismissed the contract claim based on Will's failure to serve Frontier with the amended complaint that contained this cause of action. Finding no issue of material fact or error of law as to the running of the statute of limitations, we affirm the summary judgment. But holding that the failure to serve Frontier did not constitute willful misconduct under CR 5, we reverse the dismissal of the contract claim and remand for trial.

FACTS
Frontier Contractors built a house that it sold to Will in 1994. In February 1996, Will began to experience severe flooding on his property, caused in part by runoff from the construction of a school on adjoining property. The flooding continued intermittently through June 1999.
Will sued Frontier in May 2000, alleging that Frontier had violated an implied warranty of habitability and had been negligent. Frontier's answer contained the following statement: "Will has alleged he sustained damages ... as a result of the acts, omissions, negligence and breaches of contract by defendant Frontier." Clerk's Papers (CP) at 46.
In April 2002, Frontier moved for summary judgment, asserting that the implied warranty of habitability and general negligence claims were time barred, and that Washington law did not recognize his negligent construction claim. Will then moved to amend his complaint to include a cause of action for breach of contract, arguing that his original complaint included this cause of action but, as Frontier had not mentioned this claim in its motion for summary judgment, he wanted to specifically include it.
On May 15, 2002, Will served the court and Frontier with a proposed amended complaint containing the breach of contract claim. Frontier responded to the motion to amend by arguing that it "had absolutely no notice that Will intending [sic] to argue that Frontier breached the contract" and that it would be unduly prejudiced if the court granted the motion because it did not have sufficient notice to prepare a defense for a new claim before the June 2002 trial date. CP at 134.
On May 17, 2002, the trial court granted Frontier's motion for summary judgment and it denied Will's motion to amend. But on Will's motion to reconsider, the court granted him leave to amend his complaint.
Frontier requested a copy of the amended complaint on four separate occasions. In response to the fourth request in December 2002, Will sent Frontier a faxed copy of the same amended complaint that Will had served on Frontier on May 15, 2002. Frontier then wrote Will that the May 15 amended complaint was not acceptable because it listed defendants who were no longer part of the action and it retained claims that the trial court had dismissed. When Will did not respond to this letter or further amend his complaint, Frontier moved to dismiss the case. The trial court granted Frontier's motion.
Will appeals, arguing that (1) the trial court erred in finding that his implied warranty of habitability and negligence claims were time barred because he sustained continued flooding until 1999; (2) the rules did not require that he serve a revised amended complaint on Frontier after the trial court granted him leave to amend; and (3) even if the rules did require service of the amended complaint, his failure to serve did not warrant dismissal under these facts.

ANALYSIS

I. SUMMARY JUDGMENT
The trial court found that the negligence and implied warranty claims were time barred because more than three years had *245 elapsed between the 1996 flooding of Will's property and Will's initiation of this lawsuit in 2000. Will argues that because he continued to sustain flooding damage over a number of years, it was error to rule that his claim accrued in 1996.
We review a summary judgment ruling de novo, engaging in the same inquiry as the trial court. Lybbert v. Grant County, 141 Wash.2d 29, 34, 1 P.3d 1124 (2000). Summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." CR 56(c). We review all reasonable facts and inferences in the light most favorable to the nonmoving party. Clements v. Travelers Indem. Co., 121 Wash.2d 243, 249, 850 P.2d 1298 (1993).
Will relies on continuing trespass case law to support his argument that the court should have considered the ongoing nature of his property damage in determining when his cause of action accrued. "In a case of continuing trespass, `suit for damages may be brought for any damages ... occurring within the 3-year period preceding suit."` Fradkin v. Northshore Util. Dist., 96 Wash.App. 118, 124, 977 P.2d 1265 (1999) (quoting Bradley v. American Smelting and Refining Co., 104 Wash.2d 677, 695, 709 P.2d 782 (1985)).
The continuing trespass statute of limitations does not apply to negligence and implied warranty of habitability claims; each of these causes of action has its own applicable statute of limitations. See RCW 4.16.080(1), (2); RCW 4.16.130. And the trial court dismissed Will's continuing trespass claim as part of its grant of summary judgment, a ruling that Will does not challenge here.[1]
The statute of limitations for an implied warranty of habitability claim is three years. RCW 4.16.080(2)[2]; Stuart v. Coldwell Banker Commercial Group, Inc., 109 Wash.2d 406, 415, 745 P.2d 1284 (1987); see Vigil v. Spokane County, 42 Wash.App. 796, 799-800, 714 P.2d 692 (1986). The three years begins to run, generally, when the plaintiff suffers an injury. Architechtonics Constr. Mgmt., Inc. v. Khorram, 111 Wash. App. 725, 728, 45 P.3d 1142 (2002). But if there is a gap between the injurious act and the plaintiff's knowledge of the injury, the discovery rule may apply, in which case the statute of limitations accrues at "the time the homeowners actually knew or reasonably should have known of the defects that comprised the elements of their causes of action." Stuart, 109 Wash.2d at 415, 745 P.2d 1284; see also Architechtonics, 111 Wash.App. at 728, 45 P.3d 1142.
Will was aware of the flooding on his property in February 1996, but he waited until May 2000, over three years, to assert his implied warranty of habitability claim. Thus, the trial court did not err in concluding that the claim was time barred.
Will also challenges the trial court's dismissal of his negligence claims as time barred. Frontier interpreted Will's cause of action for negligence as presenting both a general negligence claim and a negligent construction claim. Because Washington law does not recognize a homeowner's cause of action for negligent construction, the trial court properly dismissed this claim. Stuart, 109 Wash.2d at 417, 745 P.2d 1284.
The statute of limitations governing a general negligence claim for injury to real property is the two year catchall provision in RCW 4.16.130.[3]See Mayer v. City of Seattle, 102 Wash.App. 66, 75, 10 P.3d 408 (2000) (applying the two year statute of limitations for negligent injury to real property) (citing White v. King County, 103 Wash. 327, *246 329, 174 P. 3 (1918)). A negligence claim accrues when the plaintiff suffers an injury unless, under the specific facts, the discovery rule applies. Mayer, 102 Wash.App. at 75-76, 10 P.3d 408. Again, because Will was aware of the flooding more than three years before he filed suit, the trial court did not err in ruling that Will's negligence claim was time barred.

II. SERVICE OF AMENDED COMPLAINT ON OPPOSING COUNSEL
The trial court granted Frontier's motion to dismiss Will's breach of contract claim because Will did not serve a copy of the amended complaint on Frontier after May 31, 2002, when the trial court granted him leave to amend. Will argues that he satisfied the service requirement by serving Frontier and the court with the proposed amended complaint before the May 31 hearing on his motion for leave to amend.
Courts have wide discretion in permitting parties to amend complaints. CR 15(a). But a party must effect service on the other party for "every pleading subsequent to the original complaint." CR 5(a). Amended complaints are pleadings within this rule. Sutton v. Hirvonen, 113 Wash.2d 1, 6-7, 775 P.2d 448 (1989).
Although no Washington opinion squarely addresses whether the moving party must serve the amended complaint on the opposing party after the court grants leave to amend, we do find limited authority interpreting the source of CR 15(a), Federal Rule of Civil Procedure (Fed.R.Civ.P.) 15. The Tenth Circuit has held that where the rule requires court permission to amend a complaint, service of an amended complaint "without leave of court or consent of the defendants is without legal effect." Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998); Baxter v. Strickland, 381 F.Supp. 487, 491 n. 4 (N.D.Ga.1974). But in Carter v. Church, the court notes that Fed.R.Civ.P. 15(a) does not specifically "address whether the amended pleading must be filed anew once the court grants leave to amend." 791 F.Supp. 297, 298 (M.D.Ga.1992). The Carter Court then interprets Fed.R.Civ.P. 15 as requiring "that an amended complaint be filed after leave to amend is granted unless the court specifically rules otherwise." 791 F.Supp. at 298.
The requirement of service of the amended complaint after the court approves it enhances procedural safeguards. By reviewing the proof of service, the court can ensure that all necessary parties received proper service. CR 4(g). And the date of service provides a clear starting point from which to measure whether the opposing party has complied with the 10 day period for filing a responsive pleading. CR 15(a).
If a party could comply with service requirements by serving the proposed amended complaint before obtaining leave to amend, the ten day period set forth in CR 15(a) for answering could run before the court even had an opportunity to grant leave to amend. Here, Will served Frontier fifteen days before the hearing on the motion to amend; if that service was legally effective, Frontier's answer to the proposed amended complaint would have been due five days before the court allowed the amendment.
This interpretation of CR 15 is also consistent with Washington and federal practice. See DAVID HITTNER ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 8:429 (5th Cir. Ed.1996) ("If leave to amend is granted, the amended pleading must be filed and served"); WASHINGTON CIVIL PROCEDURE DESKBOOK § 15.5(3) (Wash. St. Bar Assoc.2d ed. 2002) ("... once the motion is granted remember to effect actual service of the new pleading"). And there is no inconsistency between the authority that Will cites in his appellate brief requiring a party to include a copy of the proposed amended complaint with their motion for leave to amend[4] and this interpretation. It does not eliminate requiring the party to again file and serve the amended complaint after the court has approved it.
Based upon our review of the federal authorities, the language of the rule, and policy *247 considerations, we conclude that although CR 5 and 15(a) do not explicitly require filing and service of an amended complaint after the court grants leave to amend, this requirement is consistent with the language of the rule, logical, and equitable. Thus, we follow Carter and Murray and hold that CR 15 requires the moving party to serve the amended complaint on the opposing party after the court grants leave to amend. Carter, 791 F.Supp. at 298; cf. Sweet v. Roy, 173 Vt. 418, 801 A.2d 694, 703 (2002); Murray, 132 F.3d at 612.
Will did not serve Frontier, but on December 26, 2002, he faxed a copy of the same proposed complaint that he had served on Frontier on May 15, 2002. But unless the parties agree to service by fax, it does not comply with CR 5. Wallace v. Kuehner, 111 Wash.App. 809, 823-24, 46 P.3d 823 (2002); Inman v. Netteland, 95 Wash.App. 83, 89, 974 P.2d 365 (1999).
Frontier argues further that the complaint it received was legally insufficient because the complaint continued to refer to defendants and claims that the court had dismissed from the case. But after the trial court approved the proposed amended complaint, Will lacked the right to alter the complaint further.[5] In any event, here both parties understood that Will was to proceed solely against Frontier and only on a breach of contract claim.
Thus, the trial court did not err in ruling that under CR 5 and CR 15, Will was required to serve the amended complaint on Frontier. But, as we discuss below, the remedy of dismissing Will's entire case under the circumstances here was inappropriate.

III. DISMISSAL
CR 41(b) allows a defendant to move for involuntary dismissal of an action based on the plaintiff's failure to comply with court rules or any order of the court.[6] We review an order of dismissal under CR 41(b) for an abuse of discretion. Rivers v. Washington State Conference of Mason Contractors, 145 Wash.2d 674, 684-85, 41 P.3d 1175 (2002). A trial court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or untenable reasons. Hizey v. Carpenter, 119 Wash.2d 251, 268, 830 P.2d 646 (1992).
Dismissal is an appropriate remedy where the record indicates that "(1) the party's refusal to obey [a court] order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed." See also Rivers, 145 Wash.2d at 686, 41 P.3d 1175 (citing Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997)). But Washington courts do not resort to dismissal lightly. Rivers, 145 Wash.2d at 686, 41 P.3d 1175 (quoting Woodhead v. Disc. Waterbeds, Inc., 78 Wash.App. 125, 129-130, 896 P.2d 66 (1995)).
A. Willful and Deliberate Failure to Serve Frontier
Here, there is no finding in the record on appeal that Will deliberately or willfully refused to obey a court order. But "[a] party's disregard of a court order without reasonable excuse or justification is deemed willful." Rivers, 145 Wash.2d at 686-87, 41 P.3d 1175.
Frontier argues that it asked Will on four separate occasions after May 31, 2002, to provide it with a copy of the amended complaint. It also notes that after it received Will's faxed copy on December 26, 2002, it responded that the complaint was unclear and did not comply with the trial court's *248 order. Will did not reply to Frontier's response.
Given the record before us and the lack of clarity in the law as to service requirements, it appears that Will's failure to serve Frontier was the result of his counsel's failure to understand the requirements of CR 5 and CR 15. The rules do not provide a set time by which a plaintiff must file and serve an amended complaint and, here, there is no indication that the trial court ordered Will to file and serve the complaint within a set amount of time.
Although we do not condone counsel's failure, we do not see how it can be labeled as a willful and deliberate disregard of the rules. See Woodhead, 78 Wash.App. at 131, 896 P.2d 66 (dismissal for willful and deliberate failure affirmed where trial court relied on combination of plaintiff's counsel purposefully misleading the court with false claims, ignoring specific court orders to effect service, and failing to follow the case schedule); Rivers, 145 Wash.2d at 691-92, 41 P.3d 1175 (dismissal for willful and deliberate noncompliance with court orders upheld where trial court first warned counsel that it would dismiss the case if counsel missed another deadline and counsel again failed to comply with court order requiring Rivers to submit complete answers to interrogatories, provide requested documents to the defendants, and timely file status reports).
In contrast to Rivers and Woodhead, the record does not show that Will had a pattern of continually disobeying clear court orders or that he deliberately misled the court or Frontier. Instead, the record indicates that Will did not understand the requirements that the Civil Rules impose for service.
Frontier cites Jewell v. City of Kirkland, 50 Wash.App. 813, 750 P.2d 1307 (1988), to show that Will's actions were willful and deliberate. In Jewell, a court order specifically required the plaintiff to provide funds for the preparation of the record within 30 days of the order. 50 Wash.App. at 815, 750 P.2d 1307.
Will's situation is distinguishable. The order granting Will leave to amend contained no time deadlines or requirement by the court that Will proceed in a particular way.
Moreover, the plaintiff in Jewell had "no real justification for the failure to comply with the order in a timely manner." 50 Wash.App. at 821, 750 P.2d 1307. Here, Will's counsel was acting based on his erroneous interpretation of an arguably imprecise procedural rule. His failure to comply with the order was based more on misinterpretation than deliberate noncompliance.
Frontier also relies on Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In Nat'l Hockey League, the plaintiff over a period of 17 months failed to answer interrogatories after the court gave a number of warnings and "eleventh hour" extensions. 427 U.S. at 640, 96 S.Ct. 2778. The court concluded that the lack of compliance was in "callous disregard of responsibilities counsel owe to the Court and to their opponents" and amounted to "flagrant bad faith." Nat'l Hockey League, 427 U.S. at 640, 96 S.Ct. 2778. There has been no such showing or finding in Will's case.
Although we do not have a record showing the court's reasoning for the dismissal, it appears that Will's noncompliance was due primarily to his counsel's misinterpretation of a rule that the Washington courts have never interpreted in this context. We hold that under these facts, it was an abuse of discretion to characterize counsel's failure to serve the complaint as "willful and deliberate."
B. Prejudice
In determining the proper sanction, we also must consider whether Will's failure to properly serve the amended complaint prejudiced Frontier. Will argues that Frontier was not prejudiced because (1) it was served with a copy of the proposed amended complaint on May 15th, 2002; (2) it was present at the hearing when the motion to amend was granted; and (3) it received a copy of the amended complaint again on December 26, 2002.
Frontier asserted in its February 2003 motion to dismiss that the breach of contract claim "is a completely new claim" for which *249 they do not "fully understand the allegations." CP at 261. It also asserted that it was prejudiced by Will's failure to amend his complaint to remove parties and claims that were no longer a part of the litigation.
The primary purpose of Washington's pleading rules is to notify the opponent of the general nature of the claim asserted. Pierce County Sheriff v. Civil Serv. Comm'n, 98 Wash.2d 690, 695, 658 P.2d 648 (1983) (dismissal of appeal not the proper remedy for procedural irregularity with complaint where defendant was not prejudiced); Chen v. State of Washington, 86 Wash.App. 183, 194, 937 P.2d 612 (1997) ("A pleading is insufficient when it does not give the opposing party fair notice of what the claim is and the ground upon which it rests.") (quoting Lewis v. Bell, 45 Wash.App. 192, 197, 724 P.2d 425 (1986)). Will's May 15th, 2002 amended complaint contained detailed background facts which have been essentially unchanged since the original complaint. The breach of contract claim was the ninth cause of action; it stated:
11.1 Incorporating herein by reference Paragraph II, plaintiff alleges and complains that Frontier Contractors, Inc., was the builder of the home which sustained damage and also was the vendor of this home to plaintiff. In the process of negotiating and contracting for this property, Frontier Contractors, Inc., materially misrepresented facts to the plaintiff and/or made statements to the plaintiff which induced him to enter into this contract which were deceptive and misleading.
11.2 This home was built in an area that has a recognized danger of flooding, and this information was withheld from and not conveyed to plaintiff.
11.3 Such actions on the part of Frontier Contractors, Inc., violated the implied warranty of habitability, constituted a breach of contract and fraud, deceit and misrepresentation.
CP at 144-45.
These facts and breach of contract allegations clearly were sufficient to provide notice as to the general nature of the claim. While Frontier states clearly that it moved to dismiss under CR 41(b) and is not alleging a failure to prosecute under CR 41(b)(1), it bases its assertion of prejudice primarily on the "significant passage of time" since the inception of this suit. Br. of Respondent at 14.
Will's failure to serve Frontier delayed the proceeding at the most something less than the six months between the time in May 2002, when the court granted the motion to amend and Will's December faxing of the copy of the amended complaint. Given that Frontier had a copy of the proposed amended complaint and knew that Will could proceed only on his breach of contract claim, Frontier's contention that the claim was completely new and that it did not understand the claim is unsupportable.
Finally, it is unclear from the record that Will has been primarily at fault for the delay in bringing this case to trial. He filed his initial complaint on May 25, 2000, and Frontier waited five months to file its answer in October 2000. Then Will filed his first amended complaint in February 2001, and Frontier waited a year and two months to file its answer in April 2002. After Will was granted leave to amend, Frontier moved to continue the trial from June 10, 2002 to May 28, 2003.
Given that Frontier was aware of Will's breach of contract claim at least by May 2002, and that Frontier had a significant role in causing litigation delays, its contention of prejudice due to Will's failure to serve an additional amended complaint is unpersuasive.
C. Consideration of Lesser Sanction
"[A]s a general principle, a trial court must consider on the record whether a lesser sanction would suffice, in addition to making clear on the record whether the factors of willfulness and prejudice are present." Woodhead, 78 Wash.App. at 132, 896 P.2d 66. But again, because the record does not show the trial court's reasoning, we cannot know if it considered less onerous sanctions than dismissal.
As here, the record in Woodhead did not show whether the trial court considered a less severe sanction than dismissal. 78 Wash.App. at 132, 896 P.2d 66. But the Woodhead record did show that the defendant *250 included options for alternative sanctions in its motion to dismiss and that the plaintiff's conduct was particularly "egregious." 78 Wash.App. at 132, 896 P.2d 66. Thus, the Woodhead Court declined to reverse the lower court's order of dismissal.
Frontier's motion to dismiss also contained an alternative to dismissal, a request that the court, "issue an order compelling Will to draft, file and serve an Amended Complaint." CP at 261. For reasons we cannot determine, the trial court rejected this alternative. But given that plaintiff's conduct, unlike in Woodhead, was not particularly egregious, and given Washington policy to use the sanction of dismissal sparingly, we conclude that the trial court abused its discretion in dismissing Will's breach of contract cause of action.
Consequently, we affirm the summary judgment of dismissal as to the negligence and implied warranty claims and reverse the dismissal of the breach of contract claim.
ARMSTRONG, J. and QUINN-BRINTNALL, C.J., concur.
NOTES
[1] Continuing trespass requires an ongoing invasion of a plaintiff's possession of his property. Bradley v. American Smelting and Refining Co., 104 Wash.2d 677, 693, 709 P.2d 782 (1985). A continuing trespass claim is inapplicable to Frontier because it sold the home to Will and did not invade or remain on his property.
[2] RCW 4.16.080(2) provides for a three year statute of limitations for "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated."
[3] RCW 4.16.130 states: "[a]n action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued."
[4] Bownes v. City of Gary Indiana, 112 F.R.D. 424 (1986); Williams v. Wilkerson, 90 F.R.D. 168 (1981); Straub v. Desa Industries, 88 F.R.D. 6 (1980).
[5] In one federal case, the moving party was sanctioned for adding new parties, facts and claims after the court granted leave to amend. Dover Steel Co., Inc. v. Hartford Accident & Indem. Co., 151 F.R.D. 570, 574 (E.D.Pa., 1993) ("Dover did not have leave to file any old amended complaint that it wished to fileit had permission to file its Proposed Complaint."). The court's sanctions were based on its belief that "filing a complaint that was substantially different than the one it proposed when it moved for leave to amend [was] objectively unreasonable." Dover, 151 F.R.D. at 575.
[6] "Involuntary Dismissal; Effect. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him or her." CR 41(b).