41 P.3d 1175 (2002)
Kathy RIVERS, Petitioner,
v.
WASHINGTON STATE CONFERENCE OF MASON CONTRACTORS; Keystone Masonry, Inc.; Fairweather Masonry Company; Barkshire Panel Systems, Inc.; East Hill Masonry, Inc.; and J & S Masonry, Inc., Respondents.
No. 70893-2.
Supreme Court of Washington, En Banc.
Argued November 27, 2001.
Decided March 7, 2002.
*1177 Mann & Peck, Mary Ruth Mann, Seattle, for Petitioner.
Stanislaw & Ashbaugh, Richard Harrison Skalbania, John Stephen Riner, Michael R. Fields, Seattle, for Respondents.
*1176 SMITH, J.
Petitioner Kathy Rivers seeks review of an unpublished decision of the Court of Appeals, Division One, which affirmed an order of the King County Superior Court dismissing with prejudice her gender discrimination complaint against Fairweather Masonry Company because she did not comply with a court order directing her to follow a discovery order and case event schedule deadlines. We granted review. We reverse and remand for further proceedings in the trial court.

QUESTIONS PRESENTED
The questions presented in this case are (1) whether the Court of Appeals correctly determined that the trial court properly exercised its discretion under Civil Rule (CR) 37 and King County Local Rule (KCLR) 4 in dismissing Petitioner Kathy Rivers' complaint because of her failure to comply with a discovery order and case event schedule deadlines; and (2) whether the trial court's granting of a dispositive motion for dismissal without oral argument constituted an "irregularity" justifying relief from the order to dismiss under CR 60(b)(1).

STATEMENT OF FACTS
Petitioner Kathy Rivers is a journeyman bricklayer.[1] In October 1995, after completing an apprenticeship and working several years in Cincinnati, Ohio, she moved to Seattle, Washington and applied to members of the Washington State Conference of Mason Contractors for bricklaying work.[2] The Washington State Conference of Mason Contractors is an association of employers of bricklayers.[3] Respondent Fairweather Masonry Company is a member of the Association.[4] From 1995 to 1998 Petitioner was hired by and worked for various employers who are members of the Association. They include Keystone Masonry, Inc., Fairweather Masonry Company, Barkshire Panel Systems, Inc., East Hill Masonry, Inc., and J & S Masonry, Inc. Petitioner claims that during that period the named defendants, including Respondent Fairweather Masonry Company, discriminated against her in hiring practices and treatment because of her gender.[5] On March 31, 1998 Petitioner Rivers initiated a lawsuit against association members, including Respondent Fairweather Masonry Company, in the King County Superior Court.[6] Presiding Judge Bobbe J. Bridge entered an order setting case scheduling.[7]
On February 9, 1999 Respondent Fairweather Masonry Company served its first discovery request, interrogatories and request for production of documents upon Petitioner.[8] The interrogatories asked for calculation of specific damages, the identity of expert witnesses expected to be called at trial and the substance of facts and opinions to which each expert was expected to testify.[9] Petitioner's responses were due on March 11, 1999, thirty days after the date of service.[10]
*1178 The conduct related in this case is principally that of counsel for the parties, but Petitioner and Respondent are nevertheless referred to throughout this opinion without necessary distinction between them and their counsel. Absent fraud, the actions of an attorney authorized to appear for a client are binding on the client at law and in equity.[11] The "sins of the lawyer" are visited upon the client.[12]
Counsel for Respondent in a letter to Petitioner's counsel on March 8, 1999 reminded her of the deadlines and the requirement for scheduling a KCLR 37(e) conference in the event the discovery responses were not served by March 11, 1999.[13] In response, counsel for Petitioner requested two additional weeks to serve the discovery answers.[14] Respondent agreed and gave Petitioner until March 25, 1999 to serve the discovery responses on the condition that Petitioner agree to extend the deadline for disclosing possible primary witnesses from March 15, 1999 to April 5, 1999.[15] On March 11, 1999 Judge Donald D. Haley signed the order extending the deadline for disclosure of the primary witness list.[16]
On March 25, 1999, the extended date on which discovery responses were due, the parties engaged in a KCLR 37 conference[17] at which time Petitioner requested even more additional time to serve discovery responses.[18] Respondent Fairweather Masonry rejected the request and on March 31, 1999 filed a motion to compel Petitioner to answer the interrogatories and requests for production of documents.[19]
In response to Respondent's motion to compel compliance, Petitioner's counsel on April 5, 1999 submitted to the court a signed declaration explaining why she was unable to provide discovery responses.[20] She stated that her "bad cold," coupled with her client's unavailability, prevented her from completing the interrogatories.[21] Counsel indicated she was completing the interrogatories that day, but would need at least three additional days to obtain her client's approval and signature.[22] She asked the court "to allow until April 12, 1999 to provide signed answers to Respondent's counsel, Mr. Campos, and to extend the witness disclosure date [from April 5, 1999] to April 19, 1999...."[23]
Respondent then submitted to the court a proposed order granting its motion to compel Petitioner to answer discovery requests.[24] The proposed order referred to the first extended date of April 12, 1999 as the deadline agreed to by counsel for Petitioner for answering Respondent's first set of interrogatories.
On April 16, 1999 Judge Haley signed Respondent Fairweather's order approving its motion to compel discovery, and made findings that:[25]
*1179 (1) Plaintiff [Petitioner Rivers] failed to answer Defendant's [Respondent Fairweather Masonry Company's] First Interrogatories and Requests for Production of Documents within 30 days of service as required by Civil Rule 33[.]
(2) Plaintiff did not object to Defendant's First Interrogatories and Requests for Production of Documents, and any objections are therefore waived.
(3) Plaintiff failed without excuse to answer Defendant's First Interrogatories and Requests for Production of Documents by March 25, 1999, the deadline established by agreement with Defendant.
(4) Plaintiff has demonstrated an inability to respect the deadlines established by the Civil Rules and the Case Schedule, as well as a willingness to ignore deadlines established by agreement with defense counsel, and the Court, therefore, deems it necessary to take action to encourage future compliance.
The court ordered Petitioner to fully answer Respondent's interrogatories and requests for production of documents by April 12, 1999, and warned that any failure to comply with another discovery deadline or case event deadline in the future would result in dismissal of her case with prejudice.[26]
On April 13, 1999 Petitioner sent to Respondent's counsel by telefacsimile a confirmation of joinder form.[27] Replying by letter by telefacsimile on April 14, 1999, Respondent's counsel advised he would not sign the form because Petitioner had not complied with discovery requests and deadlines for disclosing possible witnesses[28] and that he would not sign the confirmation of joinder form until a date certain had been established for the status conference with approval by the court.[29]
On April 20, 1999 Petitioner received by regular mail the court's April 16, 1999 order to compel discovery requiring compliance by April 12, 1999, which antedated both the date of the order and the date it was received by Petitioner, although this was the extended deadline date previously requested by Petitioner.[30] Petitioner served answers to Respondent's interrogatories on April 21, 1999, one day after she received the court's order in the mail.[31] The following day, on April 22, 1999, Petitioner served Respondent with amended answers and submitted a proposed joint status report.[32] On April 26, 1999 Respondent wrote to Petitioner stating that section IV of the proposed joint status report, which stated that Petitioner had fully complied with discovery, was not correct and that Petitioner still had not fully answered interrogatories and requests for documents.[33] Respondent also noted that objections made by Petitioner were contrary to the court's ruling that Petitioner had waived all objections by not objecting to Respondent's first discovery requests.[34]
On April 27, 1999 Respondent moved to dismiss Petitioner's complaint with prejudice because Petitioner had not complied with the court's order compelling discovery and had not complied with the case event schedule deadlines.[35] Petitioner opposed the motion by memorandum dated May 4, 1999. On May 6, 1999 the trial court, Judge Haley, agreed with Respondent and by letter ruling granted Respondent's motion, making the following findings:[36]
*1180 1. Plaintiff violated this Court's April 16, 1999, order by failing to fully answer Defendant's first interrogatories and requests for production of documents no later than April 12, 1999; Plaintiff did not provide complete answers; Plaintiff asserted objections when the Court had already ruled all objections were waived; and Plaintiff has, to date, still not fully answered Defendant's interrogatories;
2. Plaintiff has failed to meet Civil Case Scheduling deadlines by failing to disclose possible primary witnesses, which were due April 5, 1999; by failing to timely file a Confirmation of Joinder which was due September 8, 1998; and by failing to file a Joint Status Report by April 19, 1999, deadline.
3. The court has considered lesser sanctions of terms and exclusion of testimony, but has determined that dismissal of Plaintiff's complaint with prejudice is the only appropriate remedy given the terms of the Court's April 16, 1999, order, and Plaintiff's repeated and continuing violation of that order.
Petitioner filed a motion for reconsideration and an alternative motion to vacate the dismissal order.[37] On December 2, 1999 Judge Haley issued a letter ruling denying the motions.[38]
On December 30, 1999 Petitioner appealed the May 6, 1999 order and the December 2, 1999 letter ruling to the Court of Appeals, Division One, which, in an unpublished opinion, affirmed the trial court.[39] The Court of Appeals concluded that the trial court did not abuse its discretion when it ordered dismissal because Petitioner failed to provide adequate answers to Respondent's discovery requests, Petitioner's actions substantially prejudiced Respondent in its ability to prepare for trial, and lesser sanctions would not cure such prejudice or advance the purposes of discovery.[40] The court also concluded that the trial court correctly denied Petitioner's motion for CR 60 relief, holding that KCLR does not implicitly require oral argument before the court may rule on a dispositive motion.[41]
Petitioner filed this petition for review on March 7, 2001 which we granted on September 7, 2001.[42]

DISCUSSION

STANDARD OF REVIEW
The abuse of discretion standard governs review of sanctions for noncompliance with discovery orders.[43] "[A] trial court has broad discretion as to the choice of sanctions for violation of a discovery order."[44] "[D]iscretionary determination should not be disturbed on appeal except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."[45] "[The trial court's] reasons should, typically, be clearly stated on the record so that meaningful review can be had on appeal."[46] A motion for reconsideration and motion to vacate a dismissal are to be decided by the trial court in exercise of its discretion and its decision will be overturned only if the court abused its discretion.[47]

*1181 DISMISSAL WITH PREJUDICE

A significant issue before this court is whether the trial court abused its discretion in dismissing Petitioner's complaint as a sanction for violation of discovery orders. In this case, the order setting civil case schedule provided that the trial court "may" impose sanctions set forth in KCLR 4(g) and CR 37 for failure to comply with the order.[48] KCLR 4(g) reads:[49]
(1) Failure to comply with the Case Schedule may be grounds for imposition of sanctions, including dismissal, or terms.
(2) The Court, on its own initiative or on motion of a party, may order an attorney or party to show cause why sanctions of terms should not be imposed for failure to comply with the Case Schedule established by these rules.
(3) If the Court finds that an attorney or party has failed to comply with the Case Schedule and has no reasonable excuse, the Court ... may impose such other sanctions as justice requires.
CR 37(b)(2) sets out sanctions a court may impose for failure to comply with a court order, providing in pertinent part the following:[50]
(2) Sanctions by Court in Which Action is Pending. If a party ... fails to obey an order ... made under section (a) [Order to Compel] of this rule ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
....
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;
The law is well settled in this state concerning dismissal of a complaint as a sanction for discovery abuse. "Under CR 41(b), a trial court has the authority to dismiss an action for noncompliance with a court order or court rules."[51] "[I]t is the general policy of Washington courts not to resort to dismissal lightly."[52] When a trial court imposes dismissal or default in a proceeding as a sanction for violation of a discovery order, it must be apparent from the record that (1) the party's refusal to obey the discovery order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed.[53] A party's disregard of a court order without reasonable excuse or justification is deemed willful.[54]

SEQUENCE OF DATES AND EVENTS
The following chart lists in sequence pertinent dates and events in this case:
March 31, 1998 Summons and complaint issued
 and filed by Petitioner Kathy
 Rivers.
 Order setting case scheduling.
February 9, 1999 Respondent Fairweather Masonry
 Company served first interrogatories
 and request for production
 of documents.
March 8, 1999 Respondent reminded Petitioner
 of deadlines and asked to schedule
 a KCLR 37 conference if discovery
 responses not served by
 March 11, 1999.
*1182
March 9, 1999 Petitioner by letter asked Respondent
 to agree to extension of
 two weeks for service of her discovery
 responses.
March 10, 1999 Respondent agreed to grant Petitioner
 extension until March
 25, 1999 for service of discovery
 answers on condition that the
 primary witness list be served
 by April 5, 1999.
March 11, 1999 Original deadline for discovery
 responses.
 Judge Donald D. Haley signed
 order extending deadline for disclosure
 of primary witness list.
March 15, 1999 Original deadline for disclosure
 of primary witness list extended
 by court order on March 11,
 1999.
March 25, 1999 Petitioner failed to serve discovery
 responses on agreed date.
 Counsel for Petitioner and Respondent
 conducted a KCLR 37
 conference at which Petitioner
 asked for additional time until
 April 12, 1999 to serve her discovery
 responses.
March 31, 1999 Respondent filed motion to compel
 discovery noted for April 8,
 1999 without oral argument and
 submitted proposed order granting
 motion.
April 5, 1999 Petitioner's counsel submitted
 declaration certifying reasons for
 delay indicating she would submit
 discovery responses by April 12,
 1999.
April 8, 1999 Parties did not appear on motion
 noted for this date.
April 12, 1999 Respondent submitted proposed
 order directing compliance by
 April 12, 1999.
April 16, 1999 Judge Donald D. Haley signed
 proposed order directing compliance
 with discovery by "April 12,
 1999."
April 19, 1999 Date joint status report was due.
April 20, 1999 Petitioner's counsel received in
 the mail the order signed by
 Judge Haley directing compliance
 with discovery by "April 12,
 1999".
April 21, 1999 Petitioner served initial response
 to discovery.
 Respondent claimed Petitioner's
 answers were inadequate.
April 22, 1999 Petitioner's counsel submitted
 supplemental responses with signature
 of Petitioner.
 Petitioner submitted a draft status
 report to Respondent.
April 26, 1999 Counsel for Respondent objected
 to signing draft status report
 submitted by petitioner because
 of its inadequacy.
April 27, 1999 Respondent filed motion to dismiss,
 without oral argument, before
 Judge Haley.
May 4, 1999 Petitioner filed a memorandum in
 opposition to Respondent's motion
 to dismiss.
May 6, 1999 Judge Haley signed order of dismissal.
May 11, 1999 Petitioner filed motion for reconsideration
 and an alternate motion
 to vacate dismissal order under
 CR 60.
July 1999 Petitioner and Respondent argued
 Petitioner's motions before
 Judge Haley.
December 2, 1999 Judge Haley issued a letter ruling
 denying Petitioner's motion
 for reconsideration and motion to
 vacate dismissal order.
December 30, 1999 Petitioner appealed trial court's
 decision to Court of Appeals, Division
 One.
February 5, 2001 Court of Appeals, Division One,
 affirmed the trial court's order of
 dismissal and order denying reconsideration
 and CR 60 relief.
September 7, 2001 This court granted petition for
 review.

WILLFUL REFUSAL TO OBEY A COURT ORDER
Petitioner principally argues that the trial court abused its discretion when it dismissed her complaint because of her failure to comply with the April 16, 1999 order to compel which required compliance by April 12, 1999.[55] She contends she could not have willfully violated the express terms of the order to compel production of discovery by April 12, 1999 and to file a joint status report by April 19, 1999 because those deadlines had already passed when she received the order to compel compliance on April 20, 1999.[56] She maintains that consequently such failure to provide notice and an opportunity to respond violates fundamental fairness and due process.[57]
*1183 In response, Respondent asserts that Petitioner's argument ignores the fact that the court's order of dismissal took into consideration her counsel's affidavit which asked the court to extend the answer deadline to April 12, 1999.[58] Respondent contends that failure of counsel for Petitioner to comply with her own requested deadline of April 12, 1999 constituted a willful refusal to obey the April 16, 1999 discovery order.[59]
Respondent further argues that Petitioner willfully disobeyed the court's order to compel compliance by her failure to adequately respond even after she received the order on April 20, 1999.[60] It notes that Petitioner's responses on April 21, 1999 and April 22, 1999 still did not provide adequate responses to interrogatories concerning damages, expert witnesses, and lay witnesses.[61] Respondent also notes that, instead of answering interrogatories, Petitioner merely stated objections.[62]
The Court of Appeals agreed with Respondent and concluded that Petitioner's "willful disregard of the order to compel is evidenced less by her failure to respond by April 12 than by her failure to respond fully and without objection."[63] The trial court's order to compel compliance required Petitioner to fully answer Respondent's first interrogatories and request for documents without objections.[64] Despite that order, she continued to object to interrogatories instead of providing complete answers.[65] Many of her answers were evasive and incomplete.[66] She did not provide full answers to standard interrogatories concerning expert witnesses.[67] For example, interrogatory number 3 asked Petitioner to identify all expert witnesses expected to testify and the substance of their opinions. Petitioner answered in general terms, stating that she expected to call vocational and employment experts regarding women in the trades, and reserved the right to call unnamed health professionals, including a psychiatrist.[68] None of the experts, except one she specifically identified by name, had formed an opinion about the case.[69]
The Court of Appeals correctly pointed out that with respect to the joint status report, Petitioner's duty to file the report arose not from the April 16, 1999 order to compel, but from an independent obligation under the March 31, 1998 scheduling order.[70] Petitioner had notice since March 31, 1998 of her obligation to file a joint status report by the April 19, 1999 deadline. This contradicts Petitioner's contention that it was impossible for her to comply with the April 19, 1999 deadline because she did not receive the *1184 order to compel compliance until April 20, 1999.[71]
Petitioner attributes her failure to file a joint status report to Respondent's refusal to sign her proposed report.[72] She claims this demonstrated impediment by Respondent and not efforts by her to avoid discovery obligations.[73] However, under KCLR 4.2(a)(3), as the Court of Appeals pointed out, when Respondent did not cooperate in completing the report form (by not signing it), Petitioner nevertheless should have filed the form noting the parties' disagreement over discovery responses.[74] Instead Petitioner disregarded KCLR 4.2(a)(3) and did not file any status report.
Petitioner does not assign error to the trial court's finding that she failed to disclose possible primary witnesses by April 5, 1999 and failed to file a confirmation of joinder by September 8, 1998. Because these findings are unchallenged, they are considered verities on appeal.[75] Under KCLR 4(g) a court "may impose such sanctions as it deems appropriate for violation of its scheduling orders to effectively manage its caseload, minimize backlog, and conserve scarce judicial resources."[76]
Petitioner also claims the trial court abused its discretion by not considering her explanation for delay in submitting answers to discovery.[77] But the trial court explicitly stated it considered Petitioner's memorandum in opposition to the motion to dismiss in which counsel stated her reasons for delay.[78]
Even if her excuses were reasonable, Petitioner still did not explain why her responses to Respondent's interrogatories were incomplete.[79] In a similar case, the plaintiffs in Anderson v. Mohundro inexplicably failed to furnish complete and meaningful answers to interrogatories despite a court order. In affirming dismissal by the trial court, the Court of Appeals held that failure to comply with the order to compel without reasonable excuse "`impels a conclusion that the refusal was willful.'"[80] The ruling by the Court of Appeals in this case, as in Anderson, is consistent with CR 37(a)(3), which allows the court to treat an evasive or incomplete answer as a "failure to answer."[81] Petitioner Rivers does not explain why she did not provide complete responses. Instead she asks the court to focus only on her reasons for delay in providing timely responses to discovery.
Contrary to Petitioner's assertion, there is substantial evidence in the record to justify the trial court's finding of "repeated and continuing" violation of the May 16, 1999 order to compel and violation of the case event schedule.[82]

PREJUDICE TO ABILITY OF OPPONENT TO PREPARE FOR TRIAL
Petitioner contends the findings in the record do not support prejudice to Respondent. Respondent and the Court of Appeals disagree. Burnet v. Spokane Ambulance states that reasons for a court to choose sanctions for violation of a discovery order "should, typically, be clearly stated on the record so that meaningful review can be had on appeal."[83] The court then stated that when a trial court "`chooses one of the harsher remedies ... it must be apparent from the record that the trial court explicitly *1185 considered whether a lesser sanction would probably have sufficed,' and whether it found that the disobedient party's refusal to obey a discovery order was willful or deliberate and substantially prejudiced the opponent's ability to prepare for trial."[84] Petitioner claims the record does not indicate that the trial court explicitly considered prejudice to the defense. She, however, presents no adequate argument to support this claim.
The order to dismiss stated the court considered Respondent's motion to dismiss, Petitioner's memorandum in response, and recited specific findings that Petitioner failed to meet the civil case schedule and to comply with the order to compel compliance.[85] The record does not indicate that the court actually used the words "Fairweather Masonry Company was prejudiced," even though the court referred to numerous missed discovery and case schedule deadlines and violation of a court order which warned Petitioner of dismissal if she did not comply with those deadlines. Respondent's motion to dismiss noted that Petitioner's inadequate answers and unexcused delays had left Respondent ill prepared for a trial which was scheduled within about three months.[86] The Court of Appeals concluded it is apparent from the record that Petitioner's failure to disclose basic facts substantially prejudiced Respondent's ability to prepare for trial.[87] However, that conclusion was not affirmatively stated on the record by the trial court, as required by our decision in Burnet.[88]

CONSIDERATION OF LESS HARSH SANCTIONS
Petitioner argues the trial court abused its discretion when it ordered dismissal without considering on the record a less severe sanction that could have cured or compensated for the effects of her discovery failings.[89] She bases her argument on Burnet v. Spokane Ambulance, in which a trial court excluded the plaintiff's negligent credentialing claim after finding the pleadings and the responses to discovery gave insufficient notice of the claim.[90] The Court of Appeals disagreed with the trial court's ruling that the claim was not properly pleaded. It nevertheless affirmed the trial court, restating the primary issue as a problem of compliance with a scheduling order.[91] On review, this court reversed, finding an abuse of discretion by the trial court in imposing severe sanctions without considering on the record less severe alternative sanctions.[92]
The court in Burnet held that sanctions imposed by a trial court is a matter of judicial discretion to be exercised in light of the particular circumstances,[93] but that the sanction imposed should be proportional to the nature of the discovery violation and the surrounding circumstances.[94] That decision establishes a gauge for determining disproportionate sanctions. The court stated that even if the trial court had considered other options, the sanctions were still too severe considering the length of time (eighteen months) before trial was scheduled to begin,[95] the severe injury to plaintiff, and the absence of a finding that the plaintiffs willfully disregarded a trial court order.[96]
In this case, the order of dismissal signed by the trial court stated the court had considered lesser sanctions of terms and exclusion of testimony, but concluded dismissal was the only appropriate remedy considering its order to compel compliance and Petitioner's repeated and continuing violation of that order.[97] The Court of Appeals concurred, finding *1186 the trial court's conclusion reasonable.[98]
The trial court in this case found that Petitioner willfully disregarded trial court orders. The Court of Appeals agreed. The trial court on the record did consider lesser sanctions, but only by stating in the order "The court has considered lesser sanctions of terms and exclusion of testimony, but has determined that dismissal of [Petitioner's] complaint with prejudice is the only appropriate remedy...."[99]
The record in this case indicates that Petitioner manifested a somewhat casual disregard for the rules of discovery and her obligation to comply with the orders of the court under those rules.[100] Whether she should be subject to the drastic sanction of dismissal cannot be determined under the limited language used by the trial court in its order of dismissal. Before resorting to the sanction of dismissal, the trial court must clearly indicate on the record that it has considered less harsh sanctions under CR 37. Its failure to do so constitutes an abuse of discretion.

CR 60 MOTION FOR RELIEF
Under CR 60(b)(1), a court may relieve a party from a final judgment, order, or proceeding for irregularity in obtaining the judgment or order.[101]
Petitioner asserts that there was an irregularity when the trial court ordered dismissal on a dispositive motion without oral argument because the inverse of KCLR 7(b)(2), which provides that nondispositive motions may be decided without oral argument, implicitly required oral argument before ruling on the dispositive motion in this case.[102] Petitioner does not adequately support her contention by argument or citation of authority.
In contrast, Respondent correctly notes that oral argument is not prescribed for motions under CR 37 for sanctions for discovery abuse or under KCLR 4 for violation of a court's scheduling order.[103] It also points out that "oral argument [on a motion] is not a due process right."[104] "Due process does not require any particular form or procedure...." "[It] requires only `that a party receive proper notice of proceedings and an opportunity to present [its] position before a competent tribunal.'"[105]
In this case Petitioner was accorded due process. Prior to rendering judgment on Respondent's motion to dismiss, the trial court considered Petitioner's memorandum in opposition.[106] The Court of Appeals correctly concluded that the trial court did not violate Petitioner's due process right in exercising its discretion to decide the motion to dismiss without oral argument.

SUMMARY AND CONCLUSIONS
A significant issue before this court is whether the trial court abused its discretion in dismissing Petitioner's complaint as a sanction for violation of discovery orders.
The law is well settled in this state concerning dismissal of a complaint as a sanction for discovery abuse. When a trial court imposes dismissal or default in a proceeding as a sanction for violation of a discovery order, it must be apparent from the record that (1) the party's refusal to obey the discovery order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a less severe sanction would probably have sufficed. A party's disregard of a court order *1187 without reasonable excuse or justification is deemed willful.
The Court of Appeals concluded that Petitioner's "willful disregard of the order to compel is evidenced less by her failure to respond by April 12 than by her failure to respond fully and without objection." The trial court's order to compel required Petitioner to fully answer Respondent's first interrogatories and request for documents without objections. Despite that order, she continued to object to interrogatories instead of providing complete answers. Many of her answers were evasive and incomplete. She did not provide full answers to standard interrogatories concerning expert witnesses.
The record does not indicate that the court actually used the words "Fairweather Masonry Company was prejudiced," even though the court referred to numerous missed discovery and case schedule deadlines and violation of a court order which warned Petitioner of dismissal if she did not comply with those deadlines. Respondent's motion to dismiss noted that Petitioner's inadequate answers and unexcused delays had left Respondent ill prepared for a trial which was scheduled within about three months. The Court of Appeals concluded it was apparent from the record that Petitioner's failure to disclose basic facts substantially prejudiced Respondent's ability to prepare for trial. However, that conclusion was not affirmatively stated on the record by the trial court.
Petitioner argues that the trial court abused its discretion when it ordered dismissal without considering on the record a less severe sanction that could have cured or compensated for the effects of her discovery failings. Although the trial court in this case stated that it considered lesser sanctions of terms and exclusion of testimony before concluding that dismissal was the only appropriate remedy, it did not make a sufficient record before reaching that conclusion as required by our decision in Burnet v. Spokane Ambulance.
Imposition of sanctions by a trial court is a matter of judicial discretion to be exercised in light of the particular circumstances, but the sanction imposed should be balanced against the nature of the discovery violation and the surrounding circumstances. The circumstances in this case might well justify the sanction of dismissal imposed against Petitioner. Petitioner was granted several deadline extensions for discovery but failed to comply with those extended deadlines. Petitioner failed to comply with trial court discovery orders. Under CR 37, the trial court might impose the sanction of dismissal of Petitioner's complaint, but the court must explain on the record that it has considered less harsh alternative sanctions.
Oral argument is not prescribed for motions under CR 37 for sanctions for discovery abuse or under KCLR 4 for violation of a court's scheduling order. Oral argument on a motion is not a due process right. Due process does not require any particular form or procedure.... It requires only that a party receive proper notice of proceedings and an opportunity to present [its] position before a competent tribunal.
In this case Petitioner was accorded due process. Prior to rendering judgment on her motion to dismiss, the trial court considered Petitioner's memorandum in opposition. The Court of Appeals correctly concluded that the trial court did not violate Petitioner's due process right in exercising its discretion to decide the motion to dismiss without oral argument.
We reverse the Court of Appeals, Division One, which affirmed the order of the King County Superior Court dismissing with prejudice Petitioner Kathy Rivers' gender discrimination complaint against Respondent Fairweather Masonry Company because she did not comply with the order of the trial court directing her compliance with a discovery order and case event schedule deadlines.
We remand to the trial court for a new determination whether the complaint should be dismissed, with specific findings on the record (1) whether Petitioner's failure to obey discovery orders and case event schedule deadlines was willful or deliberate; (2) whether Petitioner's actions substantially prejudiced Respondent's ability to prepare for trial; and (3) whether the court considered less severe sanctions than dismissal before resorting to the drastic remedy of dismissal.
*1188 ALEXANDER, C.J., JOHNSON, MADSEN, IRELAND, BRIDGE and OWENS, JJ., concur.
CHAMBERS, J. (concurring).
I concur with the majority's well reasoned opinion. Further, I concur that the sanction of dismissal should be vacated. I write separately to express my belief that dismissal would be unjust. While the trial court has considerable discretion, under the facts of this case a less harsh sanction is clearly required.
Kathy Rivers served her complaint upon the Defendant, Washington State Conference of Mason Contractors, on March 31, 1998. The Defendant waited more than nine months to begin discovery, serving its first interrogatories on February 9, 1999, approximately six months before trial.
Unfortunately, counsel was ill and her client was unavailable. Two days before answers were due, Rivers's attorney sought and received a two week extension. On March 25, 1999, the agreed extended deadline, Rivers's attorney asked for another extension, which was refused by defense counsel.
Defense counsel moved for an order to compel Rivers to answer. Without oral argument, on April 16, 1999, the trial judge signed an order prepared by defense counsel. It stated, "[t]o encourage plaintiff's future compliance with the rules of civil procedure and Case Schedule, the Court will ... dismiss plaintiff's case with prejudice if plaintiff misses another discovery deadline." Clerk's Papers at 159. Such an order is inconsistent with our jurisprudence. Dismissal of a complaint or answer is an extreme sanction not available merely to encourage compliance with a case schedule. Such a sanction is reserved for discovery violations which are willful or deliberate, when the violation substantially prejudices the opponent, and a lesser sanction would not suffice. See Burnet v. Spokane Ambulance, 131 Wash.2d 484, 497, 933 P.2d 1036 (1997); Snedigar v. Hodderson, 53 Wash.App. 476, 487, 768 P.2d 1 (1989), aff'd in part, rev'd in part, 114 Wash.2d 153, 786 P.2d 781 (1990).
In addition, the April 16, 1999 order directed Rivers to comply by April 12, 1999, a date which had passed four days before the order was entered and eight days before the order was received by Rivers's counsel. Rivers's counsel attempted compliance the next day, April 21, 1999, and although it appears the answers were incomplete, counsel later submitted supplemental responses.
Any trial court's order directing compliance, which requires time travel in order to comply with it, under threat of dismissal, is presumptively beyond the reasonable counsel's ability to obey and deserves scrutiny. A client should not be penalized under such circumstances.
Merely 20 days later, following another 6 day motion without oral argument, the trial court dismissed Plaintiff's complaint with prejudice for violation of the April 16, 1999 order. Again, such an order is inconsistent with our jurisprudence. In addition to the factors enunciated by the majority, we should also consider when dismissal is an appropriate factor. The Court of Appeals rightly noted:
[When] a court has found that a party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice and has prejudiced the other side by doing so, dismissal has been upheld as justified.
Woodhead v. Disc. Waterbeds, Inc., 78 Wash. App. 125, 130, 896 P.2d 66 (1995).
By no account can the April 16, 1999 order be found reasonable.
Further, while the trial court stated that it had considered lesser sanctions and found them inadequate, our record is bare of reasoning that would allow us to review the trial court's reasoning. Because the case was summarily dismissed, we do not know if the trial court considered the reasons for the delay. We do not know if the trial court considered the logistical difficulties inherent in complying with an order requiring actions in the past. We have no reason to believe the failure to comply was willful. Nor do we know if the Defendant was actually prejudiced. And we do not know why lesser sanctions were deemed inadequate.
What we do know is that 102 days before trial and without having counsel appear personally before him, the trial judge dismissed Plaintiff's complaint. We also know that this *1189 sanction was extreme, especially without specific findings justifying it. Accordingly, I concur in this Court's opinion, I concur in this Court's order that there must be a new determination of appropriate sanction, and I concur with this Court that the reasoning must be on the record. I urge a lesser sanction.
SANDERS, J., concurs.
NOTES
[1] Clerk's Papers at 4.
[2] Id. at 7.
[3] Id. at 4.
[4] Default judgments were entered against all defendants except Fairweather Masonry Company which remains as the sole respondent before this court. See Clerk's Papers at 132.
[5] Clerk's Papers at 4-10.
[6] Id.
[7] Id. at 379.
[8] Id. at 19-67.
[9] Id.
[10] CR 33(a) reads in pertinent part, "The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.... The parties may stipulate or any party may move for an order under rule 37(a) with respect to any objection to or other failure to answer an interrogatory."

CR 34(b) reads in pertinent part, "The party upon whom the request is served shall serve a written response within 30 days after the service of the request.... The parties may stipulate or the court may allow a shorter or longer time."
[11] Haller v. Wallis, 89 Wash.2d 539, 547, 573 P.2d 1302 (1978). See 3 A.C. Freeman, A TREATISE OF THE LAW OF JUDGMENTS § 1252, at 2608 (Edward W. Tuttle ed., 5th rev. ed.1925). See RCW 2.44.010.
[12] See Taylor v. Illinois, 484 U.S. 400, 433, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (Brennan, J., dissenting).
[13] Clerk's Papers at 275.
[14] Id.
[15] Id.
[16] Id. Under KCLR 4(d), "[p]arties may not amend a Case Schedule by stipulation without approval of the assigned Judge."
[17] KCLR 37(e) reads in pertinent part, "Conference of Counsel. The court will not entertain any motion or objection with respect to [Depositions and Discovery] Rules 26 through 37 [of the Rules of Civil Procedure], unless it affirmatively appears that counsel have met and conferred with respect thereto. Counsel for the moving or objecting party shall arrange such a conference."
[18] Clerk's Papers at 275.
[19] Id. at 274-81.
[20] Id. at 230-31.
[21] Id. Counsel explained that Petitioner Rivers had moved back to Cincinnati, Ohio and was not easily available because she works during the day.
[22] Id.
[23] Id.
[24] Clerk's Papers at 282-83.
[25] Id. at 158-59.
[26] Id. The court also directed Respondent Fairweather Masonry Company to disclose possible primary witnesses by April 26, 1999 and to disclose rebuttal witnesses by May 10, 1999.
[27] The confirmation of joinder form was due on September 8, 1998. The order setting the case schedule required that the parties appear at a status conference if the joinder form was not timely filed. Section III of the order designated time and location for the status conference.
[28] Clerk's Papers at 123-27. Confirmation of joinder of parties is governed by KCLR 4.2(a). Under KCLR 4.2(a)(3), "[i]f any party fails to cooperate in completing the form, any other party may file and serve the form and note the refusal to cooperate."
[29] Clerk's Papers at 129.
[30] Id. at 248.
[31] Id. at 69-94.
[32] Id. at 95-119, 132-34.
[33] Id. at 136.
[34] Id.
[35] Id. at 137-48.
[36] Id. at 269-70.
[37] Id. at 320-28.
[38] Id. at 378.
[39] See Rivers v. Wash. State Conference of Mason Contractors, No. 45828-1-I, 104 Wash.App. 1037, 2001 WL 111764 (Wash.Ct.App. Feb.5, 2001).
[40] Id.
[41] Id. at 10.
[42] Order Granting Review.
[43] Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997) (citing Phillips v. Richmond, 59 Wash.2d 571, 369 P.2d 299 (1962)).
[44] Id.
[45] Id. (quoting Associated Mortgage Investors v. G.P. Kent Constr. Co., 15 Wash.App. 223, 229, 548 P.2d 558, review denied, 87 Wash.2d 1006 (1976)). See also Hizey v. Carpenter, 119Wash.2d 251, 268, 830 P.2d 646 (1992).
[46] Burnet, 131 Wash.2d at 494, 933 P.2d 1036.
[47] See Rummer v. Throop, 38 Wash.2d 624, 231 P.2d 313 (1951); Kennedy v. Sundown Speed Marine, Inc., 97 Wash.2d 544, 647 P.2d 30 (1982); see also Lilly v. Lynch, 88 Wash.App. 306, 321, 945 P.2d 727 (1997).
[48] See Clerk's Papers at 379.
[49] KCLR 4(g)(1)-(3). (Emphasis added).
[50] CR 37(b). (Emphasis added to subsection (C)).
[51] Woodhead v. Disc. Waterbeds, Inc., 78 Wash. App. 125, 129, 896 P.2d 66 (1995), review denied, 128 Wash.2d 1008, 910 P.2d 482 (1996) (citing Snohomish County. v. Thorp Meats, 110 Wash.2d 163, 166, 169, 750 P.2d 1251 (1988)).

CR 41(b) reads: "Involuntary Dismissal; Effect. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or any claim against him or her."
[52] Woodhead at 129-30, 896 P.2d 66 (citing Anderson v. Mohundro, 24 Wash.App. 569, 575, 604 P.2d 181 (1979), review denied, 93 Wash.2d 1013 (1980)).
[53] Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997) (citing Snedigar v. Hodderson, 53 Wash.App. 476, 487, 768 P.2d 1 (1989), aff'd. in part, rev'd in part, 114 Wash.2d 153, 786 P.2d 781 (1990)).
[54] Woodhead, 78 Wash.App. at 130, 896 P.2d 66.
[55] Pet. for Review at 9; Br. of Pet'r at 9-12.
[56] Br. of Pet'r at 12. The order confirmed these extended deadline dates requested Petitioner.
[57] Id. at 13.
[58] Respondent's motion to dismiss plaintiff's complaint with prejudice noted counsel's April 5, 1999 two-page affidavit which stated, "I ask the court to allow until April 12, 1999 to provide signed answers to Mr. Campos." See Clerk's Papers at 139; see also Clerk's Papers at 230-31.
[59] Br. of Resp't at 9.
[60] Id. at 10.
[61] Id.
[62] Id.
[63] Wash. State Conference of Mason Contractors 2001 WL 111764 at 3.
[64] The order read "Plaintiff did not object to Defendant's First Interrogatories and Requests for Production of Documents, and any objections are therefore waived.... Plaintiff shall fully answer Defendant's First Interrogatories and Requests for Production of Documents no later than April 12, 1999...."
[65] See Clerks Papers at 69-119.
[66] A typical interrogatory and response follows:

Interrogatory number 39: Please summarize in detail, and by category all damages Petitioner allege[s] that she is entitled to receive from Respondent Fairweather. For each category of damage, please list the ground for entitlement, the facts giving rise to entitlement, the total amount of damage claim[sic], and the methodology used to calculate the amount claimed.
Petitioner responded: "Objection to the extent defendant asks for attorney work product and trial preparation. Discovery continues, all losses are not yet known or calculated. Categories include: Lost past and future wages from December 1995 through present. Mental stress, emotional distress, humiliation. Damage to credit...."
[67] Clerk's Papers at 26-29.
[68] Id. at 74-75.
[69] Id.
[70] Wash. State Conference of Mason Contractors at 4.
[71] The April 16, 1999 order warned Petitioner that the court would dismiss her case with prejudice if she missed another discovery deadline or case event deadline. See Clerk's Papers at 159.
[72] Br. of Pet'r at 13.
[73] Id.
[74] See KCLR 4.2(a)(3).
[75] Nearing v. Golden State Foods Corp., 114 Wash.2d 817, 818, 792 P.2d 500 (1990).
[76] Woodhead, 78 Wash.App. at 129, 896 P.2d 66.
[77] Pet. for Review at 11-12.
[78] Clerk's Papers at 301-03.
[79] Petitioner's responses did not provide complete answers to interrogatories relating to damages and expert witnesses.
[80] Anderson v. Mohundro, 24 Wash.App. 569, 574, 604 P.2d 181 (1979) (quoting Associated Mortgage Investors v. G.P. Kent Constr. Co., 15 Wash.App. 223, 228-29, 548 P.2d 558 (1976)).
[81] Id. at 574, 604 P.2d 181.
[82] Clerk's Papers at 158-59.
[83] Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997).
[84] Id. (Emphasis added) (quoting Snedigar v. Hodderson, 53 Wash.App. 476, 487, 768 P.2d 1 (1989)).
[85] Clerk's Papers at 269.
[86] Trial was set for August 16, 1999.
[87] Wash. State Conference of Mason Contractors at 4.
[88] Burnet, 131 Wash.2d at 494, 933 P.2d 1036.
[89] Br. of Pet'r at 16.
[90] Burnet, 131 Wash.2d at 491, 933 P.2d 1036.
[91] Id. at 492, 933 P.2d 1036.
[92] Id.
[93] Id. at 495-98, 933 P.2d 1036.
[94] Id.
[95] See id. at 491, 502, 933 P.2d 1036.
[96] Id. at 498, 933 P.2d 1036.
[97] Clerk's Papers at 270.
[98] Id.
[99] Clerk's Papers at 270.
[100] Responses to Respondent's first interrogatories and request for production of documents was extended from March 11, 1999 to March 25, 1999. Petitioner then asked the court for another extension, promising compliance by April 12, 1999. She did not comply by April 12, 1999. She also did not submit a timely confirmation of joinder report.
[101] CR 60.
[102] Pet. for Review at 18-19.
[103] Br. of Resp't at 25-26.
[104] Hanson v. Shim, 87 Wash.App. 538, 551, 943 P.2d 322 (1997).
[105] Id. (quoting Parker v. United Airlines, Inc., 32 Wash.App. 722, 728, 649 P.2d 181, review denied, 98 Wash.2d 1011 (1982) (first alteration added).)
[106] Clerk's Papers at 299.