# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MANUEL LA ROSA, DDS, an individual, | ) ) ) | No. 70637-3-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| | ) ) | |
| NORTHWEST WIND POWER, LLC, a Washington limited liability company, and TED THOMAS, individually and as to his marital community, | ) ) ) ) ) | |
| Appellants. | ) ) | FILED: September 29, 2014 |

TRICKEY, J. — Discovery sanctions should be balanced against "the nature of the discovery violation and the surrounding circumstances" of the case. Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 695, 41 P.3d 1175 (2002). Here, while the trial court found that the defendants willfully violated discovery orders and substantially prejudiced the opposing party and considered lesser sanctions, the limited findings on the issues of prejudice and lesser sanctions do not sufficiently explain the court's reasoning for imposing a default judgment. Moreover, the evidence in the record does not support the determination that Dr. Manuel La Rosa was substantially prejudiced. The record is insufficient to justify the harsh sanction. We reverse and remand.

## FACTS

Dr. Manuel La Rosa filed a complaint against Northwest Wind Power, LLC, and its chief executive officer, Ted Thomas (collectively, Northwest), in May 2012.[1] La Rosa

---

[1] Clerk's Papers (CP) at 1-5, 176.

claimed that he entered into a contract with Northwest to purchase and install a wind turbine on his Cle Elum property in 2010.[2] La Rosa paid approximately $22,500 to install the system. He alleged that the wind turbine was defective because it produced only "nominal" amounts of electricity.[3] La Rosa asserted causes of action for breach of contract, breach of express and implied warranties, violation of the Consumer Protection Act (CPA), chapter 19.86 RCW, and both intentional and negligent misrepresentation.[4]

Northwest answered the complaint and denied that the wind turbine is defective.[5] In November 2012, La Rosa served Northwest with interrogatories and requests for production.[6] Although initially represented by counsel, Northwest was unrepresented when La Rosa propounded discovery requests and did not respond.[7]

In January 2013, La Rosa filed a motion to compel discovery.[8] On February 15, 2013, the trial court granted the motion.[9] The court ordered Northwest to provide "full and complete answers" within five business days following entry of the court's order and imposed $250 in sanctions.[10]

A couple of weeks after the court granted the motion to compel, attorney Matthew King filed a notice of appearance on behalf of Northwest.[11] La Rosa's counsel

---

[2] CP at 2.
[3] CP at 3.
[4] CP at 3-4.
[5] CP at 7.
[6] CP at 11.
[7] CP at 10, 12, 95.
[8] CP at 11-12.
[9] CP at 27-28.
[10] CP at 28.
[11] CP at 31, 36.

sent King a copy of the order compelling discovery.[12] About a month later, on April 4 and 5, King sent written responses to La Rosa's interrogatories, but did not provide any documents responsive to his requests for production.[13] King explained that he had not yet received any documents from his clients.[14]

On April 9, a few days after receiving the interrogatory responses, La Rosa filed a second motion to compel.[15] La Rosa requested sanctions of $2,795.49, the amount of expenses incurred in connection with compelling discovery.[16] In response, Northwest explained that documents had not yet been provided to counsel because of work schedules and extensive travel, and assured the court that responses would be forthcoming within two weeks.[17] Northwest argued that La Rosa had not identified any specific prejudice caused by the delay in light of the fact that no depositions had been scheduled and trial was "many months away" and urged the court not to impose sanctions.[18]

The court granted the motion and entered a second order compelling discovery on April 17.[19] The court found that (1) Northwest "willfully or deliberately" violated discovery rules and the court's February 15 order, (2) La Rosa had been "substantially prejudiced" in his ability to prepare for trial, and (3) the court considered lesser sanctions and determined that no lesser sanction would suffice.[20] The court ordered Northwest to provide non-privileged documents responsive to the requests for

---

[12] CP at 36.
[13] CP at 37.
[14] CP at 85.
[15] CP at 30-34.
[16] CP at 30.
[17] CP at 91-92, 95.
[18] CP at 93, 95.
[19] CP at 105.
[20] CP at 106.

3

production within 10 business days of the order. The court also ordered Northwest to pay the previously-ordered sanctions in addition to new sanctions of $2,795.49.[21] Finally, the court ordered that "if Defendants do not comply with all of the terms of this order, Defendants' defenses and affirmative defenses shall be suspended automatically without further order of the court. In such event, reinstatement of defenses and affirmative defenses, if any, may be had only by subsequent court order and full payment of the judgment amount."[22]

On June 21, La Rosa filed a motion for entry of default judgment as a discovery sanction.[23] La Rosa stated that in response to the second order compelling discovery, Northwest produced only 18 pages of documents, a "mere fraction of responsive documents," and had not paid any of the sanctions imposed.[24] La Rosa did not describe the documents provided by Northwest, but stated that none of the documents produced related to (1) defenses or affirmative defenses, (2) customers from the past five years, (3) claims or complaints by other wind turbine purchasers, (4) advertising materials, (5) correspondence, apart from invoices, concerning the subject matter of the lawsuit, (6) correspondence between the parties, and (7) correspondence with any manufacturer or contractor.[25]

La Rosa argued that he had been substantially prejudiced by Northwest's noncompliance because the discovery cutoff date was approaching on September 3,

---

[21] CP at 107.
[22] CP at 107.
[23] CP at 109.
[24] CP at 112.
[25] CP at 112. And although he had not complained of these deficiencies in his second motion to compel, La Rosa also asserted that one interrogatory question remained unanswered, the defendants had not provided separate interrogatory answers, and had recently failed to submit a witness list. CP at 112, 119. In response to the motion for default, Northwest confirmed that it intended to call only the parties as witnesses. CP at 218.

2013, approximately two months and a half months away.[26] Moreover, he argued that the noncompliance with the February and April orders compelling discovery demonstrated that any sanction lesser than default judgment would not suffice.[27] La Rosa sought damages of $47,522.00, comprised of $22,522.00, the amount he paid for the wind turbine, plus $25,000.00 in damages under the CPA based on Northwest's misrepresentations.[28]

Northwest admitted the outstanding sanctions had not been paid due to "financial inability," but asserted that default was not warranted because it had produced all responsive documents within its "care, custody, and control."[29]

The court entered a default judgment for the principal amount requested, $47,522.00, plus prejudgment interest of $7,670.95.[30] The trial court's order includes findings, drafted by plaintiff's counsel, stating that Northwest "willfully or deliberately" violated discovery rules and the court's February 2012 and April 2012 discovery orders.[31] The findings state that La Rosa was "substantially prejudiced" because Northwest failed to provide documents that are "responsive to Plaintiff's basic contention interrogatories and requests for production."[32] The order further states that the court "considered whether a lesser sanction would suffice to meet the purposes of discovery sanctions and has determined that lesser sanctions would not suffice."[33] In addition, the court interlineated the following finding:

---

[26] CP at 114.
[27] CP at 114.
[28] CP at 114.
[29] CP at 218-19.
[30] CP at 236.
[31] CP at 237.
[32] CP at 237.
[33] CP at 237.

The court is convinced that Defendants' withholding of discovery is intentional and for the purpose of frustrating Plaintiff's attempt to seek redress for his claimed damages and that Defendants' conduct in discovery is materially damaging Plaintiff's claim and effort to resolve his claims in court in conformance with court rules.[34]

The court later entered an amended judgment, which included additional amounts incurred by La Rosa: $24,495.50 in attorney fees and $782.48 in costs.[35]

Northwest appeals.

## ANALYSIS

Northwest contends that imposition of default judgment as a discovery sanction was overly harsh and unwarranted. According to Northwest, this case involves neither egregious noncompliance with discovery rules and orders nor substantial prejudice to the opposing party's case. Therefore, the sanction was disproportionate in view of the conduct and the harm.

The trial court entered a default judgment against Northwest under the authority of CR 37. CR 37 sets forth rules regarding sanctions when a party fails to comply with discovery rules and court orders. The rule provides that when a party fails to obey an order to provide or permit discovery, the court in which the action is pending may enter "such orders in regard to the failure as are just," including:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

---

[34] CP at 237.
[35] CP at 276.

6

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;
>
> . . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

CR 37(b)(2)(A)-(C).

Discovery sanctions should be "proportional to the nature of the discovery violation and the surrounding circumstances" of the case. Rivers, 145 Wn.2d at 695; Magaña v. Hyundai Motor Am., 167 Wn.2d 570, 590, 220 P.3d 191 (2009). Generally, "the court may impose only the least severe sanction that will be adequate to serve its purpose in issuing a sanction." Teter v. Deck, 174 Wn.2d 207, 216, 274 P.3d 336 (2012).

To support imposition of default judgment—the harshest sanction that may be imposed upon a defendant—it must be apparent from the record that the trial court found that (1) the disobedient party willfully or deliberately violated discovery rules and orders, (2) the opposing party was substantially prejudiced in its ability to prepare for trial, and (3) that the trial court "'explicitly considered'" whether a lesser sanction would have sufficed. Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997) (quoting Snedigar v. Hodderson, 53 Wn. App. 476, 487, 768 P.2d 1 (1989)). We review a trial court's discovery sanctions for abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). Where a trial court's findings of fact are clearly unsupported by the record, the

appellate court will find that the trial court abused its discretion. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006); Magaña, 167 Wn.2d at 583.

A court may enter an order imposing a discovery sanction without oral argument or a colloquy on the record; however in that case, the findings on the Burnet factors of willfulness, prejudice, and consideration of alternatives, must be contained within the order itself or included in a contemporaneous record. Teter, 174 Wn.2d at 216-17. And to allow for meaningful review, the findings themselves must explain the court's reasoning for reaching its conclusions. Burnet, 131 Wn.2d at 494.

For example, in Rivers, the trial court's order dismissing the plaintiff's gender discrimination complaint stated that the court had considered the lesser sanctions of terms and exclusion of testimony, but "determined that dismissal of [Petitioner's] complaint with prejudice is the only appropriate remedy." 145 Wn.2d at 696 (alteration in original). Reversing the dismissal, the Supreme Court concluded that this "limited language" in the trial court's order did not allow the reviewing court to determine whether dismissal of the complaint was an appropriate discovery sanction under the circumstances. Rivers, 145 Wn.2d at 696. The court observed that the while the circumstances "might well justify the sanction of dismissal," the trial court failed to make a sufficient record explaining its consideration and rejection of less harsh alternative sanctions. Rivers, 145 Wn.2d at 699.

In Magaña, on the other hand, the Supreme Court affirmed default judgment imposed as a discovery sanction based on the trial court's careful and thorough consideration of each of the Burnet factors on the record. 167 Wn.2d at 584-92. The record reflected, and the trial court determined that Hyundai, the defendant, engaged in

willful discovery abuses by making false and inaccurate representations, failing to supplement incorrect responses, and making no effort to conduct a proper search outside of its legal department for requested information. Magaña, 167 Wn.2d at 584-85. The trial court also found that Magaña was specifically prejudiced in his ability to develop evidence and prepare for trial because when Hyundai finally produced documents pertinent to the sole disputed issue, the retrial date was less than two months away. Magaña, 167 Wn.2d at 579-80. And more fundamentally, as a result of the more than five year delay by Hyundai, witnesses with certain vital evidence were no longer living, had disappeared, or had discarded the evidence. Magaña, 167 Wn.2d at 590. The trial court also explicitly considered the issue of lesser sanctions on the record, contemplating the probable effect of a monetary fine on Hyundai, a multi-billion dollar corporation, and discussing why admitting certain evidence as a sanction would be inadequate or unworkable. Magaña, 167 Wn.2d at 591-92.

Here, the trial court's specific finding that Northwest acted with intent to frustrate La Rosa's attempt to pursue his legal claim satisfies Burnet's requirement that the court consider whether the violation at issue was willful. See Jones v. City of Seattle, 179 Wn.2d 322, 345, 314 P.3d 380 (2014) (willfulness is not established by the mere fact of violation of a court order or discovery rule, "[s]omething more is needed.") However, the findings of substantial prejudice and consideration of lesser sanctions do not demonstrate that the court imposed default as a sanction following a "meaningful inquiry" into the effect of Northwest's conduct and whether any other sanction could compensate La Rosa. Jones, 179 Wn.2d at 340.

Our ability to review the court's finding of prejudice is compromised because, while the finding of prejudice stems from the failure to produce documents, the order does not indicate which documents Northwest possessed and willfully failed to produce. La Rosa's motion for default was based on the fact that Northwest had produced only 18 pages of documents. La Rosa asserted that Northwest's suggestion that it had produced all documents in its possession relevant to the requests for production was "demonstrably false."[36] For instance, La Rosa noted that Northwest admitted to having a customer list, objected to producing it without a protection order, but failed to seek such an order.[37]

With respect to the request for documents related to claims made by other wind turbine purchasers, Northwest responded that "Lawsuit[s] are public records. No other claims have been made."[38] La Rosa argued that this response was insufficient and that Northwest was, at a minimum, required to identify other relevant lawsuits.[39] In support of his contention that documents related to customer claims existed, La Rosa submitted a Snohomish County "confession of judgment," a document that identifies Northwest Wind Power, LLC and Thomas as defendants but does not contain any factual information about the nature of the lawsuit.[40]

La Rosa also claimed that the company's web site contradicted Northwest's claim that it possessed no documents related to advertising because the web site included links to product videos, manuals, diagrams, specifications, as well as a "significant amount of advertising and puffery" about the wind turbine purchased by La

---

[36] CP at 224.
[37] CP at 194, 226.
[38] CP at 194.
[39] CP at 226.
[40] CP at 101.

10

Rosa.[41] And La Rosa contended that because the parties corresponded by e-mail about the turbine, Northwest could not "seriously claim" to have no documents about the subject of the lawsuit.[42] In short, while La Rosa alleged that various documents existed and were withheld, the order imposing the sanction does not specify what documents Northwest should have produced nor explain how La Rosa's case was materially damaged by the failure.

And in any event, the record does not sufficiently support a finding of substantial prejudice. La Rosa did not identify any material or irreparable damage to his case. In moving for default, the only prejudice La Rosa claimed was the approaching discovery cutoff date, which was more than two months away in June 2013 when La Rosa filed his motion.[43] In contrast to the circumstances in Magaña, La Rosa did not point to any critical evidence that was lost, damaged, or had lost its usefulness due to delay. In his briefing before this court, La Rosa asserts that he was precluded from developing "any facts central to his claims" because of the refusal to provide the list of past customers and documents about customer complaints and customer-initiated lawsuits.[44] But again, nothing in the order imposing the sanction identifies these, or any other particular documents, as wrongfully withheld in violation of prior discovery orders. And La Rosa fails to explain how he was prevented from preparing for trial in any manner, in light of the fact that documents pertaining to other customers do not appear to relate to the

---

[41] CP at 226.
[42] CP at 226.
[43] CP at 114.
[44] Br. of Resp't at 20. In his brief on appeal La Rosa identifies several lawsuits and asserts that they involve defective turbines. See Br. of Resp't at 4, 5 n.1. But the only evidence in the record about the existence of other claims is a court document which does not contain any factual information about the case.

11

majority his claims involving breach of contract, breach of warranties, and misrepresentation.

Finally, the record does not identify what less severe alternative sanctions the trial court considered nor why it determined that those alternatives would not suffice. La Rosa argued that default judgment would be the only effective sanction because the court had applied lesser sanctions in two previous orders and Northwest had not complied with either. This overstates the case because, as La Rosa admits, defense counsel eventually sent answers to the interrogatories before the court entered the second order to compel. And in response to the court's second order, Northwest produced some documents responsive to the requests for production. But even if the trial court concluded that default was the only viable alternative because of the lack of full compliance in the face of previous sanctions, the court did not make a clear record of its reasoning in reaching this conclusion.

The only record of the trial court's decision in this case is its order. We are mindful of the onus placed on the trial court to create a record that complies with Burnet, Rivers, and Jones in these circumstances when a party requests serious sanctions pretrial and the court rules on such a motion without a colloquy on the record. Nevertheless, as in Rivers, the order in this case is inadequate to support the extreme sanction of default because it fails to identify the precise violation and states mere conclusions on the issues of prejudice and consideration of lesser sanctions. Nor are there sufficient facts in the record to support a finding of substantial prejudice. Accordingly, the entry of default judgment in these circumstances constitutes an abuse of discretion. We reverse the order of default and judgment.

La Rosa requests attorney fees incurred on appeal citing RCW 19.86.090, CR 37(d), and RAP 18.1. Given our disposition, we deny the request.

Reversed and remanded.

_Trickey, J_

WE CONCUR:

_Dwyer, J_

_Appelwick, J_