# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

ANNE BLOCK,

        Appellant,

        v.

CITY OF GOLD BAR,

        Respondent.

No. 68163-0-I/Consolid.w/
No. 68561-9-I

UNPUBLISHED OPINION

FILED: <u>September 23, 2013</u>

SPEARMAN, A.C.J. — Anne Block sued the City of Gold Bar alleging violations of the Public Records Act. After Block failed to appear for her deposition, the trial court granted the City's motion to compel and for monetary sanctions. The court ordered Block to appear for a deposition at a later date and to pay the sanctions by that date or face possible dismissal. Block appeared but refused to pay the sanctions imposed. After a hearing, the trial court determined that Block failed to show good cause for her noncompliance with its orders and dismissed her case. Because the trial court properly exercised its discretion in granting the City's motion to dismiss, we affirm.[1]

## FACTS

On November 10, 2011, Anne Block served the City of Gold Bar with a "Complaint for Access to Public Records" alleging violations of the Public Records Act (PRA), chapter 42.56 RCW. Shortly after filing her complaint, Block filed two notices of unavailability. First, Block filed a notice stating that she would be "out-of-state on a

---

[1] We also deny Block's motion to consider new evidence. <u>See</u> RAP 9.11(a).

family emergency" between December 14, 2011 and January 7, 2012. Clerk's Papers (CP) at 314. Then, she filed a notice stating that she would be "out of the area on business" between November 21 and 24. CP at 309.

Block also immediately began to initiate discovery. The day she filed her lawsuit, Block sent an e-mail to the City's attorney stating her intent to depose elected officials during the month of December and attaching a set of discovery requests. Block sent additional discovery requests by e-mail about a week later. On November 18, the City's attorney responded by e-mail, noting that the discovery requests did not comply with the applicable rules, but stating, "I will agree to accept service electronically of these discovery documents, as well as all pleadings in this case, if you agree to do the same." CP at 238. Within minutes, Block responded, "I will accept service electronically." CP at 238.

Block scheduled a CR 26 conference for November 21, but then cancelled. She then informed the City that she would postpone depositions until January, citing her father's ill health and her desire for "downtime" with her child and grandchild.

On Saturday, November 19, and again on Monday, November 21, the City attempted, but failed, to personally serve Block with a notice of deposition and subpoena, scheduling her deposition for December 1.[1] The City then served the documents by mail and e-mail on November 21, in accordance with the parties'

---

[1] The City explains that personal service of the notice of deposition and subpoena had been arranged before Block agreed to accept electronic service.

2

agreement. The date of the deposition was set to accommodate Block's unavailability after December 14.

On the same date, Block sent an e-mail to the City's attorney stating, "As you know my life has been threatened; I will remain unavailable until January 2012, only working from my laptop and by a secured telephone line."[2] CP at 36. The City's attorney responded to Block's claim of unavailability:

> I received your e-mail claiming that you are now "unavailable" until January, because you claim that threats have been made on your life. I have no knowledge that any such threats have actually been made, other than your repeated e-mail allegations, and such an allegation is not a basis for avoiding discovery in litigation in any event * especially in litigation that you yourself initiated as the plaintiff. A party is not entitled to commence litigation and then go into hiding for several months.

CP at 39. Block reiterated, "Unless its [sic] by telephone, its [sic] not going to happen." CP at 39. Block said she would be available in January 2012.

The next day, on November 22, having learned that Block had asked to reschedule a hearing in another matter for 9:30 a.m. on December 1, the City filed and served an amended notice of deposition and subpoena moving the time of the deposition from 10:00 a.m. to 1:30 p.m.

On November 23, Block filed another notice of unavailability stating that she had "recently received a death threat" and had therefore "cancelled all in person appearances for the month of December 2011." CP at 307. She stated that she had

---

[2] Block also took the position that her deposition could not take place on December 1 because that date was within 30 days of the filing of the summons and complaint in violation of CR 30(a). But the 30-day waiting period under CR 30(a) did not apply because the rule prevents only a plaintiff, under certain circumstances, from setting a deposition within that time frame.

notified the City and requested that no "in person motions, depositions, hearings, and other matters" be set until the middle of January 2012. CP at 307. Block did not serve the City with the notice.

On the same date, Block informed the City's attorney by e-mail that she had decided to seek legal counsel. She also denied that she had agreed to accept service by e-mail, but insisted she had agreed only to "communicate" electronically. CP at 275. The City's attorney sent Block her November 18 message agreeing to "accept service electronically." CP at 276. The City's attorney maintained that Block's decision to seek counsel did not affect her obligation to appear for her scheduled deposition and warned Block that if she failed to appear, the City would seek sanctions.

Block did not appear for her deposition on December 1.[3] The City filed and served a "Motion for Costs, Expenses, and Fees and Motion to Compel." CP at 286. The City noted the motion for a hearing on December 20.

A superior court commissioner granted the City's motion after a hearing, noting that Block had not responded to the motion. The court's order provided for the amount of fees to be submitted and approved ex parte within ten days. The order compelled Block to appear for a deposition on January 9, 2012, and to pay the amounts approved by the court prior to the deposition. The City sent the court's order to Block by mail and e-mail on the day it was entered.

---

[3] At 1:50 p.m. on that date, Block sent the City's attorney an e-mail stating that she would continue to communicate electronically and asking when her deposition would be scheduled in January 2012.

4

The City submitted billing records in support of its request for $7,049 in fees and costs. On December 30, a superior court judge pro tem approved the City's requested fees and costs, finding that the sums expended by the City were reasonable. The order provided that if Block failed to timely pay the sanctions imposed, "the City shall be entitled to set a hearing on the issue whether the plaintiff can show good cause for failure to comply with this Order, in the absence of which this matter shall be dismissed." CP at 81.

Block appeared for her deposition on January 9. When the City's counsel asked if she brought payment to satisfy the terms imposed, Block said, "I did not. I will not. I will be appealing to the Washington State Court of Appeals." CP at 148. When asked about her understanding of the requirements of the court's order, Block responded that "a signature, commissioner's signature on a piece of paper is the first step of a very long process to the Washington State Supreme Court." CP at 150.

On January 19, Block filed both a notice of discretionary review in this court challenging the commissioner's December 20 order and a motion in the trial court to modify the order.[4] The City filed a motion to dismiss Block's lawsuit, based on her failure to comply with the December 20 and December 30 orders.

The trial court considered both parties' motions at a February 3 hearing. The court treated Block's motion to modify as a motion to revise under RCW 2.24.050 and denied it as untimely because it was not filed within ten days of the December 20 order, as required by the statute.

---

[4] In January 2012, Block filed yet another notice of unavailability, stating that she would be "out of the country thus unavailable" between January 18 and 25. CP at 181.

Block appeared at the hearing. She argued that she was not properly served with the subpoena to appear at the December 1 deposition, and that the City improperly noted the motion to compel and for sanctions during a period when she had filed a notice of unavailability. The trial court determined that while Block articulated objections to the underlying orders, she failed to demonstrate, much less allege, good cause for her failure to pay the sanctions. The trial court entered findings of fact, conclusions of law, and an order and judgment of dismissal. Block appeals.[5]

### ANALYSIS

As a preliminary matter, we note that Block's briefing to this court is inadequate in several respects. For example, Block's factual assertions are largely unsupported by citations to the record, contrary to RAP 10.3(a)(5). Many of the facts she relies upon appear to be wholly outside of the record before us. Block also appeals three orders, but fails to clearly identify the specific basis for her challenge to each order.

In addition, Block misrepresents the standard of review. She cites the standard of review under the PRA and urges this court to review the order of dismissal de novo. See RCW 42.56.550 (challenges to agency action involving the PRA subject to de novo review). She also argues that with respect to the order of dismissal, the trial court was required and failed to view the evidence in the light most favorable to her, the non-moving party. In support of this argument, Block relies on caselaw addressing the trial

---

[5] Block initially filed notices of discretionary review challenging the December 20 and December 30 orders. She then filed a notice of appeal seeking review of the February 3, 2012 order dismissing her complaint. A commissioner of this court ruled that review of all three orders is available as a matter of right and consolidated the appeals.

court's evaluation of evidence when ruling on a motion for summary judgment. See e.g. Ruff v. County of King, 125 Wn.2d 697, 703, 887 P.2d 886 (1995).

But the trial court did not evaluate any substantive evidence nor did it rule on the merits of Block's claims under the PRA. Instead, the trial court dismissed Block's complaint as a sanction for her failure to comply with prior court orders. We review such an order to determine whether the trial court's decision is manifestly unreasonable or based on untenable grounds. Magaña v. Hyundai Motor Am., 167 Wn.2d 570, 582, 220 P.3d 191 (2009); Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). A decision rests on untenable grounds when the trial court relies on unsupported facts or applies the wrong legal standard; a decision is manifestly unreasonable if the court applies the correct legal standard to supported facts but adopts a view that no reasonable person would take. Magaña, 167 Wn.2d at 583. Since the trial court is in the best position to decide the issue, we defer to the trial court's decision and "[a]n appellate court can disturb a trial court's sanction only if it is clearly unsupported by the record." Id.

Significantly, Block does not assign error to any of the trial court's findings of fact or conclusions of law. She does not challenge the trial court's finding that she failed to pay the terms imposed in accordance with the December 20 and December 30 court orders. Nor does she challenge the findings that she failed to demonstrate good cause for her lack of compliance, that no lesser sanction would deter the conduct, and that the City was prejudiced in its ability to prepare for trial as a result. See Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 688, 132 P.3d 115 (2006) (when a trial court imposes a severe

7

sanction such as dismissal for violation of a discovery order, the record must show that the court considered a lesser sanction, willfulness of the violation, and prejudice). Likewise, Block does not challenge the amount of the sanctions. These unchallenged findings are verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

Block argues that the trial court improperly dismissed her case in spite of the fact that the City did not comply with CR 45, the civil rule governing subpoenas. She also challenges the dismissal because the City's motion for sanctions was set for December 20, a date when she was unavailable. In essence, Block argues that she legitimately refused to comply with the order to pay sanctions because the City did not personally serve her with a subpoena to properly compel her attendance at her deposition and because she was deprived of an opportunity to respond to the City's motion for sanctions and motion to compel. We disagree.

CR 37(d) specifically authorizes the imposition of monetary sanctions on a party who fails to attend his or her own deposition. In order to avoid the City's scheduled deposition, Block needed to seek a protective order under CR 26. She failed to do so, and consequently, was subject to sanctions. Block's reliance on CR 45 is unavailing for several reasons. First, as explained, Block did not move for a protection order nor did she timely object to the December 20 order. Second, the City served Block with a subpoena by e-mail and the record establishes that Block expressly agreed to accept such service. And most importantly, Block, as the plaintiff, was entitled to "reasonable notice in writing" of her deposition. CR 30(b)(1). Only a party seeking to compel the

8

attendance of a deponent who is not a party or managing agent of a party is required to serve a subpoena on that deponent in accordance with CR 45. CR 30(b)(1). Block cites no authority supporting her claim that the City was required to use a subpoena. The City's attempt to personally serve Block with notice and a subpoena does not establish that compliance with CR 45 was mandatory.[6]

Block also challenges the commissioner's December 20 order on the ground that the court improperly set an "ex-parte" hearing on the City's motion on a date when she was unavailable and thereby violated her right to due process. But the hearing was not "ex parte" merely because only the City appeared. Due process requires only that a party receive proper notice of proceedings and an opportunity to present his or her position to the court. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 697, 41 P.3d 1175 (2002). Here, the City filed and served its motion for sanctions and to compel on December 12, before Block's period of unavailability began. Block failed to respond to the motion in any manner. She did not request an extension of time to respond, seek to continue the hearing, nor request to participate by telephone. While Block suggests that her notice of unavailability, standing alone, had a legally binding effect on the City's counsel and the trial court, she does not cite any authority supporting this position. See In re Disciplinary Proceeding Against King, 168 Wn.2d 888, 906, 232 P.3d 1095 (2010) (rejecting claim that litigant may unilaterally bind

---

[6] We also reject Block's assertion that the City failed to provide five days' notice of her deposition in accordance with CR 30(b)(1). The City notified Block of her deposition on Monday, November 21. The deposition was scheduled for Thursday, December 1, six days later, excluding the date of service, the weekend, and two-day Thanksgiving court holiday. Although the City notified Block on Tuesday, November 22, of a time change in order to accommodate her request to schedule another court hearing on the morning of December 1, nothing in the rule requires five days' prior notice of a time change.

opposing counsel or tribunal merely by filing a notice of unavailability). Block had an opportunity to present her position and have the trial court consider it. Due process requires no more. See Rivers, 145 Wn.2d at 696-97.

In sum, Block fails to show that the trial court did not properly exercise its discretion when it entered the discovery orders, and after Block did not comply with the orders, granted the City's motion to dismiss. We affirm.

Spearman, A.C.J.

WE CONCUR:

Appelwick, J.          Cox, J.