# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| CYNTHIA L. AIKEN, | ) | No. 73129-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID W. AIKEN, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: <u>November 9, 2015</u> |
| | ) | |

Cox, J. – David Aiken appeals an order for protection in favor of Cynthia Aiken, his former spouse, and their three minor daughters. The court commissioner properly entered a temporary restraining order, pending a full hearing based on the verified petition of Cynthia Aiken. He has failed in his burden to establish that he was deprived of due process in the entry of any orders in this case. And the court did not abuse its discretion when it modified the one-year protection order on reconsideration. We affirm.

Mr. and Ms. Aiken began dissolution proceedings.[1] Shortly before a final decree was entered following their CR 2A agreement, Ms. Aiken sought a protection order. This request was based on her verified petition, certified under penalty of perjury.[2] She sought the order on behalf of herself and all three of Mr. and Ms. Aiken's minor daughters.[3]

---

[1] We adopt the naming conventions of the parties.

[2] Clerk's Papers at 246-58.

[3] <u>Id.</u>

The verified petition stated that R.A., one of the minor daughters, had "taken a number of pills at school intentionally trying to hurt herself" and then disclosed to a social worker that Mr. Aiken was "verbally and physically abusive to her and her sisters."[4] R.A. stated that she took the pills to avoid her visitation with Mr. Aiken.[5] The petition also stated that Mr. Aiken had committed domestic violence against Ms. Aiken.[6]

Ms. Aiken sought an ex parte emergency temporary protection order.[7] The court granted the temporary protection order until a full hearing could be held, shortly thereafter.

Mr. Aiken moved for a "testimonial hearing" including cross-examination.[8] The court denied the motion and ruled that Mr. Aiken could not depose or subpoena R.A.[9]

After a full hearing, the court granted an order for protection, restraining Mr. Aiken from either causing physical harm to or harassing all three minor children. The order did not include restrictions as to Ms. Aiken.[10]

---

[4] Id. at 253.

[5] Id.

[6] Id. at 254-55.

[7] Id. at 249.

[8] Id. at 191-94.

[9] Id. at 140-41.

[10] Id. at 11.

Visitation was subject to future orders in the dissolution proceeding.[11] The court also left some of the restrictions as to contacting the children and visiting their school or residence subject to the dissolution proceeding.[12]

Ms. Aiken moved for reconsideration, supporting her request with evidence of a new self-harm attempt by R.A.[13] On reconsideration, the court modified the original one-year order. The order continued the restraints from either harming or harassing all three minor children.[14] But it also included the same restraints as to Ms. Aiken.[15] Moreover, it restrained Mr. Aiken from coming near or contacting R.A. or going to her school or residence.[16]

This appeal followed.

## TEMPORARY RESTRAINING ORDER

Mr. Aiken argues that the court erred by entering the temporary restraining order. Because the statutory prerequisites were supported by substantial evidence and the court complied with the controlling statutes, we disagree.

Under RCW 26.50.070, the court may grant an ex parte temporary restraining order, pending a full hearing on a petition. To grant the order, the petition must "allege[] that irreparable injury could result from domestic violence if

---

[11] Id. at 12.

[12] Id. at 11.

[13] Id. at 41-44.

[14] Id. at 6.

[15] Id.

[16] Id.

an order is not issued immediately."[17] Such orders are for fixed periods, not to exceed 14 or 24 days, depending on the method used to serve the respondent.[18]

Here, the verified petition of Ms. Aiken set forth proof that R.A. had twice attempted self-harm and that she had indicated the most recent attempt was to avoid visiting her father. Additionally, the petition provided proof that R.A.'s counselor recommended that she have no contact with Mr. Aiken until the issue could be investigated. This, together with other proof of domestic violence stated in the petition, provided substantial evidence for the court to determine that "irreparably injury could result from domestic violence if an order [was] not issued immediately without prior notice," as RCW 26.50.070 states.

Mr. Aiken argues that the petition failed to allege irreparable injury. But the statute clearly states that such injury may be established by a showing of recent "acts of domestic violence." This petition provides such proof. Thus, this argument is without merit.

## DUE PROCESS

Mr. Aiken argues that he was entitled to a full testimonial hearing, including the right to cross-examination, before the court entered the original one year order. We hold that he fails in his burden to show that he was deprived of due process in any respect.

---

[17] RCW 26.50.070(1).

[18] RCW 26.50.070(4).

Both the state and federal constitution provide for due process of law prior to restricting a person's liberty.[19] Our state's due process clause is co-extensive with its federal counterpart.[20]

"Parents have a fundamental liberty interest in the right to the care, custody, and management of their children."[21] Thus, the State must provide due process before interfering with this right.[22]

Due process is a flexible concept and depends on the facts of the case.[23] At its core, due process is the "opportunity to be heard 'at a meaningful time and in a meaningful manner.'"[24]

We analyze whether the procedures utilized provided due process under the test announced in Mathews v. Eldridge.[25] This test balances "(1) the private interest affected; (2) the risk of erroneous deprivation of that interest through existing procedures and the probable value, if any, of additional procedural

---

[19] CONST. AMEND. XIV; WASH. CONST. ART. I, § 3.

[20] In re Estate of Hambleton, 181 Wn.2d 802, 823, 335 P.3d 398 (2014).

[21] In re Welfare of A.W., 182 Wn.2d 689, 702, 344 P.3d 1186 (2015).

[22] Id.

[23] Mathews v. Eldridge, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

[24] Id. at 333 (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)).

[25] 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

safeguards; and (3) the governmental interest, including costs and administrative burdens of additional procedures."[26]

Gourley v. Gourley[27] provides helpful analysis on this issue. In that case, Kimberly Gourley sought a protection order against Clifford Gourley after one of their children accused him of sexual assault.[28] Clifford argued that the court violated his right to due process when it entered the order without allowing him to cross-examine the child who made the accusation.[29]

A majority of the supreme court held that due process did not entitle Clifford to cross-examination under the facts of that case.[30]

The court held that there were compelling interests for both Clifford and the government.[31] It noted that Clifford had "an important interest in the care, custody, and control of his children."[32] But it also noted that the government had "a compelling interest in preventing domestic violence or abuse."[33] Additionally,

---

[26] In re Det. of Stout, 159 Wn.2d 357, 370, 150 P.3d 86 (2007).

[27] 158 Wn.2d 460, 145 P.3d 1185 (2006).

[28] Id. at 463.

[29] Id. at 463-64.

[30] Id. at 467 (plurality opinion); Id. at 472 (Quinn-Brintnall, J. concurring).

[31] Id. at 468.

[32] Id.

[33] Id.

the protection order deprived Clifford of his interest only temporarily, as it expired in one year and was subject to further orders.[34]

The court noted that chapter 26.50 RCW provided several procedural protections:

> (1) a petition to the court, accompanied by an affidavit setting forth facts under oath; (2) notice to the respondent within five days of the hearing; (3) a hearing before a judicial officer where the petitioner and respondent may testify; (4) a written order; (5) the opportunity to move for revision in superior court; (6) the opportunity to appeal; and (7) a one-year limitation on the protection order if it restrains the respondent from contacting minor children.[35]

Additionally, the trial court can exercise its discretion to permit additional discovery.[36] In Gourley, the court allowed Clifford to subpoena and depose Kimberly.[37]

The supreme court determined that this process was sufficient, noting that "nothing in the statutory scheme explicitly requires a trial judge to allow the respondent in a domestic violence protection order proceeding to cross-examine a minor who has accused him of sexual abuse."[38]

Here, as in Gourley, Mr. Aiken does not argue that chapter 26.50 RCW is facially unconstitutional.[39] Instead, he argues that under the facts of his case, the

---

[34] Id.

[35] Id. at 468-69.

[36] Id. at 469.

[37] Id.

[38] Id. at 469-70.

[39] Id. at 467.

court deprived him of due process. We hold that Mr. Aiken fails in his burden to show that he was deprived of due process.

As in Gourley, compelling interests weigh on both sides of the Matthews analysis. Mr. Aiken has a fundamental liberty interest in the care and custody of R.A. But the protection order restricts this interest only temporarily, as it expires within one year. And the government has a compelling interest in preventing domestic violence.

Here, Mr. Aiken received the procedural protections of chapter 26.50 RCW, which we listed above. Additionally, the court allowed Mr. Aiken to depose Ms. Aiken and present that evidence to the court at the full hearing.

The court had ample evidence before it. Apart from the verified petition, the court had Ms. Aiken's deposition, the report of the guardian ad litem in the dissolution proceedings, and medical records, including the records of R.A.'s visits to the emergency room and her psychological records. These records corroborate that R.A. twice attempted suicide or self-harm due to fear of visitation with her father. Thus, under the facts of this case, Mr. Aiken received due process and cross-examination was not necessary.

Mr. Aiken also argues that the court should have applied a higher evidentiary burden of proof because the order impinges on his relationship with his child. Because Mr. Aiken received due process, as discussed earlier, we reject his argument that a higher burden of proof is necessary.

Similarly, Mr. Aiken argues that a higher burden of proof is necessary because this order creates a social stigma. But Mr. Aiken fails to cite convincing

authority that this protection order creates a social stigma impinging on his liberty interests.

Finally, Mr. Aiken argues that the protection order impinges his freedom of travel. But "freedom of movement cannot be used to impair the individual rights of others."[40] And the protection order only restricts movement "when such movement is harmful or illegal and interferes with the victim's right to be free of invasive, oppressive and harmful behavior."[41] Accordingly, this argument is unpersuasive.

## MODIFICATION ON RECONSIDERATION

Mr. Aiken also argues that the court abused its discretion on reconsideration by granting more relief than the motion for reconsideration requested. We hold that the court did not abuse its discretion in entering the order on reconsideration.

We review for abuse of discretion a court's decision on a motion for reconsideration.[42]

Here, the court's February 3 order restrained Mr. Aiken from harming or harassing R.A and her siblings. But it did not restrain Mr. Aiken from contacting R.A. or from going to her school or residence, leaving these matters subject to

---

[40] Spence v. Kaminski, 103 Wn. App. 325, 336, 12 P.3d 1030 (2000).

[41] Id.

[42] Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002).

the pending dissolution proceedings. This order also did not restrain Mr. Aiken with respect to Ms. Aiken.

Ms. Aiken moved for reconsideration of this order, asking the court to restrain Mr. Aiken from contacting R.A. Ms. Aiken supported this motion with evidence of a new self-harm attempt by R.A.

The court granted the motion, restraining Mr. Aiken from contacting R.A., or going to her school or residence. The court also modified the order to restrain Mr. Aiken from harming or harassing Ms. Aiken.

Here, the modified order exceeded the relief requested in two ways. But the court did not abuse its discretion.

First, while the motion for reconsideration asked the court to restrain Mr. Aiken from going to R.A.'s school, it did not request that he also be prohibited from visiting her residence. But the court restrained Mr. Aiken from both her school and her residence. This was not an abuse of discretion. The reasons that supported restraining Mr. Aiken from R.A.'s school also supported restraining him from her residence. And Mr. Aiken fails to provide any persuasive reason why this decision was an abuse of discretion.

The court also exceeded the relief requested by restraining Mr. Aiken from harming or harassing Ms. Aiken. While this exceeded the relief requested in the motion for reconsideration, Ms. Aiken's verified petition sought these protections. And her verified petition provides proof that Mr. Aiken had committed domestic violence against her. Thus, it was not an abuse of discretion for the court to modify the order on reconsideration.

10

Mr. Aiken argues that the court abused its discretion because the new evidence related only to R.A., not to Ms. Aiken. But because the verified petition provided evidence of domestic violence against Ms. Aiken, it was not an abuse of discretion for the court to modify the order on reconsideration. And Mr. Aiken fails to make any argument why this decision was improper other than the fact that it exceeded the scope of the motion for reconsideration.

## ATTORNEY FEES

Ms. Aiken seeks an award of attorney fees on appeal. We hold that she is entitled to such an award.

RCW 26.50.060(1)(g) allows a court to award the petitioner costs and reasonable attorney fees. Here, we exercise our discretion and award her reasonable appellate attorney fees, subject to her compliance with RAP 18.1. She is also entitled to an award of costs on appeal. We also award her costs, subject to her compliance with RAP 14.1-14.6.

We affirm the protection order, as modified on reconsideration. We also award Ms. Aiken reasonable attorney fees on appeal, subject to compliance with RAP 18.1 as well as costs, subject to compliance with RAP 14.1-14.6.

_____ Cox, J.

WE CONCUR:

_____
Trickey, J

_____
Dwyer, J.

11